Karen MARLATT, Appellant,

v.

STATE of Missouri, Respondent.

No. 46995.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 9, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 19, 1984.
Application to Transfer Denied
July 17, 1984.

Robert Craig Wolfrum, Asst. Public Defender, St. Charles, for appellant.

Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Presiding Judge.

Karen Marlatt appeals from the denial, after an evidentiary hearing, of her Rule 27.26 motion attacking a ten-year sentence she received after pleading guilty to the charge of selling a controlled substance in violation of § 195.020, RSMo 1978.[1] We affirm.

On May 19, 1980, a jury found appellant guilty of selling a controlled substance, marijuana, and recommended a fifteen-year sentence. On July 22, 1980, prior to sentencing on the jury verdict, appellant pleaded guilty to a second similar charge and was sentenced by the court to serve ten years. Three days later she was sentenced in the jury-tried case to fifteen years, to run consecutively to the ten-year term.[2] The two cases were before different judges in the same circuit.

The 27.26 motion denied below attacks only the ten-year sentence imposed after the guilty plea. Appellant contends the plea was involuntary because it was entered as a result of her mistaken belief that the sentence on the plea would eventually be made concurrent with the sentence to be imposed by the other judge on the jury verdict. The sentences were subsequently made consecutive by the jury-trial judge.

Appellant relies solely on the following exchange between her and the trial judge during her guilty plea:

[THE COURT]: Do you understand what [the prosecutor] has said for the record that he is making no recommendation as to the term of years in this cause and is opposing any concurrent time?
[DEFENDANT]: Yes.
Q. With the sentence you received [sic] in [the jury trial] wherein you were convicted [sic] by a jury and their recommendation that time be concurrent?
A. Yes.
Q. And do you understand that term "concurrent"?
A. Yes.
Q. Rather than consecutive? Do you understand concurrent means run together?

---

1. Having previously been convicted in January, 1979, of the same offense, appellant was sentenced here under § 195.200.1(5), RSMo 1978.

2. This proceeding does not involve a determination of the question of whether the subsequent fifteen-year sentence could be made consecutive where the ten-year sentence did not occur until after the jury verdict, but before sentencing on the jury verdict.

A. Yes.

Q. But he is opposing that so he is in effect asking that they be consecutively run after the other one?

A. I do now.

We first observe that there is no indication in the record that the jury was aware that a second charge was pending or that it recommended concurrent sentences.

■ A guilty plea must be voluntary and intelligent to be valid. *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969). According to appellant this incorrect information regarding a jury recommendation led her to believe she would receive concurrent sentences and therefore her plea was involuntary. An appellant's belief as to his or her anticipated sentence is necessarily subjective, but the test to be applied when determining voluntariness is whether there was a reasonable basis in the guilty plea record for the defendant to have such a belief. *Beattie v. State*, 603 S.W.2d 42, 45 (Mo. App.1980). We do not find such a basis in the record here.

■ The guilty plea record discloses that (1) the state was adamantly opposed to concurrent sentences and appellant was so informed; (2) no promises or predictions were made to the appellant as to the length of the sentences or that they would be concurrent; (3) the judge told appellant and she stated that she understood that the decision whether the sentences were to be served "together or separate" would be made in the other (jury verdict) case by the other judge; (4) the prosecuting attorney told appellant and she had been told by her attorney that the range of punishment for this charge was ten years to life; (5) although opposing concurrent sentences, the state agreed to make no specific recommendation on the length of sentence. Appellant's attorney announced on the record that appellant wished to plead guilty without regard to any recommendation by the prosecuting attorney and that "the sentenc-

ing is entirely up to the court." Appellant stated that she was pleading guilty because she believed a jury would find her guilty if she went to trial and she would be given a greater sentence than she would receive from the court in which she was pleading.[3]

We hold that appellant failed to sustain her burden of proving by a preponderance of the evidence that there was a reasonable basis for her belief that she would receive concurrent sentences. *McMahon v. State*, 569 S.W.2d 753, 758 (Mo. banc 1978); Rule 27.26(f). Although appellant may have expected or hoped to receive concurrent sentences, the fact that her hope or expectation was not fulfilled does not render her plea involuntary. 569 S.W.2d at 758.

The court below found appellant was not misled by the court, the state or her counsel that she would receive concurrent sentences. We find this conclusion supported by the evidence and not clearly erroneous, Rule 27.26(j), and affirm.

REINHARD and CRANDALL, JJ., concur.

**3.** Appellant was given the advice required to be given by Rule 24.02(b) before her plea was accepted.