William JACKSON, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 54610.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 27, 1988.

Robert Wolfrum, Asst. Public Defender, St. Charles, for movant-appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals the denial, without an evidentiary hearing, of his Rule 27.26 motion. We affirm.

Movant pled guilty to two counts of first degree robbery in violation of § 569.020, RSMo 1986. In exchange for the plea, the state agreed to nolle prosequi a first degree tampering charge. The court sentenced movant to two concurrent life sentences. At the time of the plea hearing, movant had unresolved criminal charges pending against him in the state of Mississippi.

Movant filed a pro se Rule 27.26 motion, and appointed counsel filed an amended motion. Based on the pleadings and the plea hearing transcript, the motion court denied relief.

■ Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912,915 (Mo.App.1986). After a plea of guilty, the effectiveness of counsel is relevant only to the extent it affects the voluntariness of the plea. *Armour v. State*, 741 S.W.2d 683,688 (Mo. App.1987).

■ Movant contends on appeal that his trial counsel gave him misleading information regarding the terms of his sentence. He also contends his plea resulted from a broken promise made by the court and the prosecutor. The essence of both contentions is summarized in movant's brief:

[Movant's] plea was based solely on his understanding of an agreement that he would not serve time in Missouri but instead would be turned over to Mississippi for an adjudication of charges against him and he would only return to Missouri at the end of any Mississippi sentence or acquittal. In deciding to plead guilty to the Missouri charges, [movant] relied on the agreement between his attorney and the state and the acquiescence of the court to this agreement.

The record reveals the following exchanges at the plea hearing:

[MOVANT'S COUNSEL]: Your Honor, if I may continue on, also his time is to be served in Mississippi, awaiting the disposition of the Mississippi cases. And Mississippi will make the determination as to concurrent or consecutive, as there is no solid case to run that consecutively or concurrently with.

THE COURT: I understand that.

[MOVANT'S COUNSEL]: I wanted Mr. Jackson to hear that spoken on the record. Because that was a great concern of his.

. . . .

[THE COURT]: Okay. Now, we don't know what's going to happen as a result of that jury trial. We can't predict that. But whatever happens to you in Mississippi happens. Okay?

[MOVANT]: (Nods).

[THE COURT]: If you win the trial, obviously if you are acquitted, you would have these two life imprisonments to serve concurrently here in the State of Missouri. But if you are not acquitted, then it would be up to the judge to run that concurrently or consecutively. Do you understand that, Mr. Jackson?

[MOVANT]: (Nods). If you run it consecutively, does that mean I would have to come back up here?

[THE COURT]: Yes.

. . . .

[MOVANT]: Let me ask you this. If I go to Mississippi and get a life sentence, is it possible that you can run your time here with Mississippi?

Q. No, once I'm done with this I lose jurisdiction. You know, when I'm done, I'm done. Do you understand that?

A. (Nods).

Q. And do you still want us to go forward with this?

A. Yes.

Both of movant's contentions are therefore refuted by the record. *See Thomas v. State*, 736 S.W.2d 518, 519 (Mo.App.1987). Here, as in *McMahon v. State*, 569 S.W.2d 753, 758 (Mo.banc 1978), whatever movant's subjective belief as to the terms of his sentence, "the trial court clearly disabused the movant of that belief during its meticulous questioning at the time of the guilty plea." *Id.*

The findings and conclusions of the motion court are not clearly erroneous.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and CRIST, J., concur.