**Ramon Douglas KERR,
Movant–Appellant,**

v.

**STATE of Missouri,
Respondent–Respondent.**

No. 55437.

Missouri Court of Appeals,
Eastern District,
Division One.

May 2, 1989.

M. Dwight Robbins, Fredericktown, for movant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial, without an evidentiary hearing, of his Rule 27.26 motion. We affirm.

Movant pled guilty to two counts of passing account closed checks in violation of § 570.120, RSMo 1986, and was sentenced to two consecutive five year prison terms. Movant's guilty plea resulted from plea negotiations wherein the state agreed to drop eight felony counts and several misdemeanor counts, all related to check charges. Movant had 12 years' schooling and a prior record.

In both of his pro se and amended motions, movant alleged, among other things, that his trial counsel was ineffective because he misled movant as to the terms of his sentence and that his plea was involuntary because the terms of his plea bargain were not honored. The motion court, in denying an evidentiary hearing, found that movant failed to allege facts showing a right to relief, and further found that movant's claim was refuted by the record.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912,915 (Mo.App.1986). After a plea of guilty, the effectiveness of counsel is relevant only to the extent it affects the voluntariness of the plea. *Armour v. State*, 741 S.W.2d 683,688 (Mo. App.1987).

To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State*, 736 S.W.2d 518,-519 (Mo.App.1987).

On appeal movant's principal point is that he understood the plea agreement to provide for concurrent, not consecutive, sentences, that he alleged the same in his motion and that the same is not refuted by the record.

We agree with the trial court that movant's allegations in his motion are refuted by the record. The following quotations from the transcript of his plea proceeding fully support this determination:

THE COURT: ... There's been some plea bargaining negotiations and why don't we get those on the record up front before I go too far with this.

[PROSECUTOR]: Your honor, we've agreed that upon a plea of guilty and a waiver of a PSI and sentencing, to two consecutive five year sentences on the two charges that he pled to, that the State will drop all other charges currently pending against Mr. Kerr, which include approximately another eight or nine felony grade offenses and several

misdemeanor offenses all relating to check charges....

Movant was then placed under oath and the court made an extensive and full interrogation of the movant and counsel during which movant stated that he had twelve years of schooling and a prior record, and admitted in detail the circumstances under which he had written checks on closed accounts. We believe these further exchanges between the court, movant and the prosecutor are relevant:

Q. Have any threats or promises been made to you by anyone that has caused you to plead guilty here today?

A. No, sir.

Q. Now, there have been some promises made to you, the plea bargain, right?

A. Yes, sir.

Q. You understand you're going to get five years and five years consecutive on these charges?

A. Yes, sir.

....

THE COURT: [Prosecutor and defense counsel], we've already stated it; the plea bargain is for five years on each count to be consecutive and the defendant to waive a pre-sentence investigation report. And you're going to dismiss all other pending charges that you have at this time, is that right?

[Prosecutor]: That is correct. And also not to file on, I believe we've got one or two other checks which we had not filed on, that we could have, but we're not going to.

THE COURT: Not to file on other checks which you're presently holding?

[Prosecutor]: As of this date.

....

Q. Mr. Kerr, you've heard the plea bargain now stated at least twice, I guess. Is that what you understood the plea bargain agreement to be?

A. Yes, sir.

Q. And you understand that's what I'm going to do?

A. Yes, sir.

....

Q. You fully understand what's going on here today?

A. Yes, sir.

Q. Are you aware that you could withdraw your plea of guilty prior to me formally accepting it at the end of this questioning process?

A. Yes, sir.

....

Q. Mr. Kerr, you've heard the statements and comments here today of the Assistant Prosecuting Attorney, your own attorney and the Court. I want to ask you once again, have you understood everything that's gone on here today?

A. Yes, sir.

Q. Have you understood all of my questions?

A. Yes, sir.

Q. And have you answered them truthfully and to the best of your ability?

A. Yes, sir.

The controlling law on the issue raised is stated in *Marlatt v. State*, 672 S.W.2d 165 (Mo.App.1984). "An appellant's belief as to his or her anticipated sentence is necessarily subjective, but the test to be applied when determining voluntariness is whether there was a reasonable basis in the guilty plea record for the defendant to have such a belief." *Id.* at 167. Here, the record clearly refutes any notion that movant could reasonably believe that he was going to receive a concurrent term. *See, Jackson v. State*, 762 S.W.2d 537,539 (Mo.App.1988). Movant has twelve years of schooling and he is familiar with the court's procedures because of his prior record. He stated that he knew the agreement was for two five year consecutive terms in exchange for his plea of guilty and the state's dismissal or failure to file other charges. He stated the only promise he had received was that "you're going to get five years and five years consecutive on these charges." He said he understood all of the questions and had answered them truthfully. Furthermore, we do not find his complaint that he did not know the meaning of consecutive persuasive or reasonable.

The findings and conclusions of the motion court are not clearly erroneous.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.