Terrell ROBINSON, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 55652.

Missouri Court of Appeals, Eastern District, Division One.

May 2, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 31, 1989.

Application to Transfer Denied Aug. 1, 1989.

Henry B. Robertson, Asst. Public Defender, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial, without an evidentiary hearing, of his Rule 24.035 motion. We affirm.

Movant pled guilty in Cause No. 871–00516A to first degree assault, first degree robbery and two counts of armed criminal action arising from his participation in an armed holdup and subsequent shoot-out with the police where both he and a police officer were injured by gunfire. The court sentenced movant to respective sentences of 30, 30, 50 and 50 years' imprisonment, all to be served concurrently. The sentences were entered in accordance with a plea agreement. Subsequently, at the same plea hearing, movant pled guilty in Cause No. 871–00895 to five counts of first degree robbery and five counts of armed criminal action. The court sentenced movant to terms of 30 years' imprisonment on each robbery count and 50 years' imprisonment on each armed criminal action count; the sentences to be served concurrently with each other and the sentences in Cause No. 871–00516A. These sentences and the prosecutor's nolle prosequi of Cause No. 871–01620A were all made in accordance with the same plea agreement the court observed when sentencing in Cause No. 871–00516A.

In his Rule 24.035 motion as amended by appointed counsel, movant challenged the effectiveness of his trial counsel as to his pleas of guilty to the charges in Cause No. 871–00516A. The motion court entered detailed findings of fact and conclusions of law denying the motion. The court ultimately concluded movant's allegations were refuted by the record.

On appeal, in his principal point, movant contends that the motion court clearly erred in denying his motion without an evidentiary hearing when he "alleged facts sufficient to entitle him to relief" by alleging counsel "wrongly assured him that he would be paroled in seven or eight years rather than later. . . ." We agree with the trial court that as to this point movant's allegations are clearly refuted by the record.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 24.035(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). To be entitled to an evidentiary hearing on a postconviction relief motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State*, 736 S.W.2d 518, 519 (Mo.App.1987). After a plea of guilty, the effectiveness of counsel is relevant only to the extent it affects the voluntariness of the plea. *Armour v. State*, 741 S.W.2d 683, 688 (Mo.App.1987).

The controlling law on the issue raised here is stated in *Marlatt v. State*, 672 S.W.2d 165 (Mo.App.1984). "A [movant's] belief as to his or her anticipated sentence is necessarily subjective, but the test to be applied when determining voluntariness is whether there was a reasonable basis in the guilty plea record for the [mov-

ant] to have such a belief." *Id.* at 167. Here, the record clearly refutes any notion that movant could reasonably believe he was going to receive sentences other than those he did receive and that he would of a certainty be paroled within a particular period of time.

At the plea proceeding counsel, in movant's presence, stated,

> Pursuant to negotiations with the Circuit Attorney, [resulting in the state's] recommendation of fifty years for all charges in Cause Number 871–00516A, Terrell Robinson has authorized me to withdraw his former pleas of not guilty and enter pleas of guilty to the charge[s] of assault first degree, armed criminal action, robbery first degree and armed criminal action.
>
> The State's recommendation on Count I, assault first degree, is thirty years; Count II, armed criminal action, is fifty years; Count III, robbery first degree, is thirty years; and Count IV, armed criminal action, is fifty years.
>
> All of those counts are to run concurrent for a total of fifty years.

Movant was then placed under oath and the court conducted an extensive and full interrogation of movant about his pleas and the charges against him. During the interrogation, movant admitted that he had an eleventh grade education. The state gave a detailed recitation of the facts and circumstances surrounding the offenses for which movant was charged and what the state's evidence would be on those charges. That recitation included movant's direct participation in all of the offenses for which he was charged; that he had a gun; that the offenses were committed by the use of a gun; that he, along with his companions, fled; and that he or a cohort was the trigger man who shot the officer. Numerous people, including one of his partners, acquainted with movant and his involvement in one or more of the crimes were to be witnesses. Movant stated under oath that he had no disagreements with anything the prosecutor had recited.

We believe the following questions and answers at the plea hearing are particularly probative:

Q. Have any threats or promises been made to you in order to obtain this plea of guilty?

A. No, sir.

. . . .

Q. And has anyone told you to say anything but the truth during this proceeding?

A. No, sir.

. . . .

THE COURT: What is the State's recommendation in respect to each of these counts?

[THE PROSECUTOR]: Count I and Count III are class A felonies. The minimum is ten, the maximum thirty years or life imprisonment. The State's recommendation would be thirty years on both of those counts concurrent.

Counts II and IV are armed criminal action. The minimum is three, the maximum is any term of years. Our recommendation would be fifty years on each of those counts to run concurrent to each other and concurrent to the assault first and the robbery first for a total of fifty years.

THE COURT: And is that the recommendation your attorney told you the State would make if you enter these pleas of guilty?

THE DEFENDANT: Yes, sir.

Movant's guilty pleas are the results of a plea bargain. Although the trial court did not use the term plea bargain, the plea transcript clearly reveals movant entered the pleas because the state would recommend concurrent sentences totalling fifty years. The movant's reasonable expectation was that he would receive sentences totalling fifty years. There is no contention that either the state or the court did not comply with this part of the bargain.

Movant, who had an eleventh grade education, testified that no threats or promises had been made to him in order to obtain the pleas of guilty and that no one had told him

to do anything but tell the truth.[1]  Nothing in the record indicates the length of time that movant was to actually serve was part of the plea agreement.  Movant's contentions are clearly refuted by the plea record.

The trial court properly denied an evidentiary hearing on this issue.

Movant also contends he was entitled to an evidentiary hearing because of his allegations counsel failed to investigate witnesses who would provide him an alibi defense.  The plea record clearly refutes movant's contention.

Q.  Did you give your attorney the names of any witnesses that he could have called to testify for you in this matter?

A.  Yes, sir.

Q.  And after discussing those witnesses and whatever information you could supply your attorney with about these charges, was it your decision to enter this plea of guilty?

A.  Yes, sir.

. . . .

Q.  Did your attorney do everything you asked him to do?

A.  Yes, sir.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.

---

1.  As a basis for relief in his pro se motion, movant asserts that counsel told him "when movant appears before the court pursuant to pleading guilty that the court would ask movant a bunch of questions, and whenever the court inquired of movant if he was pleading guilty on his own to answer in the 'affirmative' because if movant didn't, the guilty plea would not be accepted by the court.  *Compare, Burgin v. State,* 522 S.W.2d 159 (Mo.App.1975)."

Movant's points on appeal make no reference to counsel instructing him how to answer, i.e. to lie.  Such an allegation would have been of no help to movant.  This court in numerous opinions authored by various judges has held that "a mere allegation that [a movant's] attorney told him to lie at his guilty plea hearing does not entitle movant to an evidentiary hearing." *See e.g. LaRose v. State,* 724 S.W.2d 339 (Mo.App. 1987).

*Burgin,* mentioned in movant's pro se motion, has been limited in its application from its inception.  In *Burgin,* movant alleged that his attorney told him to answer in the negative when the court asked whether any deal had been made and that the attorney stated movant would not receive the promised two year sentence if he did not so answer.  The western district held that the trial court erred in denying an evidentiary hearing.  Our cases, beginning with *Blade v. State,* 558 S.W.2d 352 (Mo.App. 1977), limited the application of *Burgin* to the facts and circumstances of that case.  It would appear that at this time *Burgin* would have little, if any, application in light of the change in attitude among the bar and judiciary about the role which trial courts play in the guilty plea process.  In 1975, when *Burgin* was decided, the feeling was that courts should not be aware of or participate in the guilty plea process, the fear being that such participation would have an adverse impact on the voluntariness of the plea.  Therefore, the existence of plea bargaining was generally denied and any bargaining was kept off the record.  A hint of a change in this philosophy appeared in a 1972 concurring opinion of the Missouri Supreme Court.  *See Flood v. State,* 476 S.W.2d 529, 535 (Mo.1972).  However, the change did not occur until 1978 when the Supreme Court decided *Schellert v. State,* 569 S.W.2d 735, 739 (Mo. banc 1978).  In *Schellert,* the court adopted the philosophy of open acknowledgment of pleas expressed in federal cases and the American Bar Association's Project on Minimum Standards for Criminal Justice.  *See* ABA Standards, Pleas of Guilty, Proposed Revisions and Commentary (Approved Draft, 1968).  Thus, since 1978 the earlier view has been rejected, and promises and bargains are fully accepted as proper.  "When plea discussions and agreements are made, the facts of the bargain should be disclosed in open court, and spread upon the record so that more than a ritual takes place." *Schellert,* 569 S.W.2d at 739.  The court went on to observe, "[i]f plea bargaining is to fulfill its intended purpose, it must be conducted fairly on both sides and the results must not disappoint the reasonable expectations of either." *Id. quoting State v. Thomas,* 61 N.J. 314, 321, 294 A.2d 57, 61 (1972). This view is reflected in our holding in *Marlatt v. State,* 672 S.W.2d 165 (Mo.App.1984) wherein we stated "a [movant's] belief as to his or her anticipated sentence is necessarily subjective, but the test to be applied when determining voluntariness is whether there was a reasonable basis in the guilty plea record for the [movant] to have such a belief." *Id.* at 167.