Gary INGRAM, Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 55544.

Missouri Court of Appeals,
Eastern District,
Division One.

May 30, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 5, 1989.

Application to Transfer Denied
Sept. 12, 1989.

---

Holly G. Simons, Asst. Public Defender, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was charged as a prior offender with first degree (felony) murder (§ 565.003, RSMo 1978 (repealed 1983)), first degree robbery, conspiracy to commit first degree robbery and knowingly burning. After the state nolle prossed all but the murder charge, movant pled guilty, and was sentenced to life imprisonment. Movant acknowledged at the plea hearing that he had confessed to his involvement in the robbery which led to the shooting of the victim. Movant also admitted that after the victim was shot, he poured gasoline on the victim's body and ignited it.

Movant filed pro se and amended Rule 27.26 motions alleging numerous grounds for relief including the claim that his plea was involuntary because he did not understand the nature of the charge against him. The motion court in denying relief entered detailed findings of fact and conclusions of law.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915. After a plea of guilty, the effectiveness of counsel is relevant only to the extent it affects the voluntariness of the plea. *Armour v. State*, 741 S.W.2d 683, 688 (Mo.App.1987).

On appeal movant first attacks the following findings made by the motion court: 1) that the state nolle prossed three charges on the date of the plea hearing and 2) that movant's plea resulted from negotiations with the state. From the record it appears that the nolle pros order was entered long before the plea hearing and that movant was to be tried on the murder charge alone. There is no indication that movant agreed to plead guilty in exchange for the state's conceding to nolle pros the three other charges; thus the motion court's findings in this respect appear to be erroneous. In reviewing the motion court's findings, however, we are concerned with the correctness of the result, not the reasoning through which the motion court reaches that result. *Hamm v. State*, 750 S.W.2d 528, 530 (Mo.App.1988). Movant does not argue, nor do we find that the motion court's erroneous findings with respect to the nolle pros order had any effect on the court's central conclusion i.e., that movant's plea was given knowingly and voluntarily.

In his point on appeal, movant's only challenge to the voluntariness of his plea is that "the record, taken as a whole, indicates that [movant's] plea of guilty was involuntary because [it was] made to avoid the risk of being sentenced to death even though death was not a possible punishment for the crime with which he was charged." Movant apparently claims to have suffered from the mistaken belief that the death penalty was a possible punishment for felony murder. The test to be applied in such circumstances is found in *Marlatt v. State*, 672 S.W.2d 165, 167 (Mo. App.1984) wherein we stated "a [movant's] belief as to his or her anticipated sentence is necessarily subjective, but the test to be applied when determining voluntariness is whether there is a reasonable basis in the guilty plea record for the [movant] to have such a belief." *Id.* at 167. The plea transcript here reveals that the trial court asked movant's trial counsel whether he had informed movant of the range of punishment for felony murder. Counsel responded, "The statute provides only one punishment and that is imprisonment for

natural life." The court asked movant, "Do you understand that?" Movant responded, "Yes, sir."

Because the possible punishment was explained unambiguously to movant, there is no reasonable basis for movant to have believed the death penalty was a possibility. Movant's point is without merit.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.