Stephon PETERSON, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 16311.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 12, 1989.

Mary K. Anderson, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

By three separate informations the state charged the movant, Stephon Peterson, sold cocaine on March 18, 1985 to Alvin Riney, on April 8, 1985 to Alvin Riney and on April 2, 1985 to Joseph Crump. Pursuant to a plea bargain movant entered a plea of guilty to each charge of selling cocaine to Alvin Riney. The state dismissed the third charge. The movant was sentenced to two concurrent terms of imprisonment for 15 years. The movant's amended motion under Rule 24.035 to set aside his

pleas and sentences was denied without a hearing.

The movant's sole point on appeal is that the denial was erroneous because he

"pleaded facts ... that appellant asserted his guilty plea was not entered in a knowing and voluntary fashion because he was coerced into pleading guilty by the court's refusal to permit disclosure of confidential informant Ernestine Jones, ... and because counsel exerted pressure on appellant to plead guilty, assuring him that he would be found guilty and receive a longer sentence were he to go to trial without Ernestine Jones' testimony."

Even assuming that point presents an issue for review, it has no merit. It does not directly relate to any factual allegations of his motion. The only allegation the point indirectly refers to is as follows.

"Movant was denied due process of law ... in that Movant's plea of guilty was not made knowingly, intelligently, or voluntarily, after the trial court overruled the Movant's Pre-trial Motion for Disclosure of Identity of Confidential Informant because without the testimony of the confidential informant, Movant could not have received a fair trial and was thereby forced to enter a plea of guilty rather than risk receiving a higher sentence upon conviction by jury."

The movant then pleads that such allegation will be supported by the following facts.

"(b) The Movant would not have entered an Alford plea if Ernestine Jones, the confidential informant had been produced to testify because Jones would have testified that if Movant sold cocaine to anyone, he did not sell cocaine to Alvin Riney, but to Ernestine Jones.

The testimony of Ernestine Jones and Movant will support this fact.

(c) Movant would not have entered an Alford plea if Ernestine Jones, the confidential informant, had been produced to testify, but rather would have asserted the affirmative defense of entrapment because Jones knew that Movant was addicted to both drugs and alcohol, knew that Movant was vulnerable, and desperate to receive drugs and alcohol, and Jones sent for the Movant initially, and for a period of time, provided Movant with drugs and alcohol at no cost to him, thereby inducing the Movant to deliver cocaine to Jones, and, but for the inducement, Movant would not have delivered the cocaine."

The transcript of the plea hearing reflects that the movant reaffirmed and adopted his Petition to Enter Plea of Guilty. That petition states: "I sold cocaine to Alvin Riney on March 18, 1985 and April 8, 1985". Movant said he thought he could not have a fair trial. But, in no manner did the movant ever refute that statement or assert that he did not in fact commit the offenses.

It is not necessary to consider the propriety of the trial court and counsel denominating movant's pleas of guilty as "Alford pleas". Nor is it necessary to base the disposition of this appeal upon the following proposition. "[V]iolations of movant's right to receive disclosure and right against entrapment ..., [are] waived by the entry of the guilty pleas." *Carrow v. State,* 755 S.W.2d 328, 330 (Mo.App.1988); cf. *Lee v. State,* 573 S.W.2d 131 (Mo.App. 1978); *Wilson v. State,* 606 S.W.2d 266 (Mo.App.1980); *Williams v. State,* 437 S.W.2d 82 (Mo.1969).

A hearing was required only if the amended motion met the following test.

"In order to be entitled to an evidentiary hearing the movant must (1) allege facts, not conclusions, which if true would warrant relief, (2) these facts must raise matters not refuted by the files and record in the case, and (3) the matters complained of must have resulted in prejudice to the movant's defense."

*Short v. State,* 771 S.W.2d 859, 863 (Mo. App.1989); *Robinson v. State,* 772 S.W.2d 770 (Mo.App.1989); *Boggs v. State,* 742 S.W.2d 591 (Mo.App.1987); *Thomas v. State,* 736 S.W.2d 518 (Mo.App.1987); *Haliburton v. State,* 546 S.W.2d 771 (Mo.App. 1977).

It is obvious the relevant allegations do not meet this test. Movant pleads no facts of entrapment but denies he sold cocaine to undercover officer Riney.

Movant's belated denial of selling cocaine to Riney is conclusively refuted by his solemn statement to the contrary in his petition and at the plea hearing. Allegations of a jumble of legal terms or propositions with no coherency and no factual relevancy should not be countenanced. They do not entitle a movant to an evidentiary hearing. The judgment is affirmed.

HOGAN, C.J., and CROW, J., concur.