Sylvester SCRUGGS, Movant,

v.

STATE of Missouri, Respondent.

No. 61364.

Missouri Court of Appeals,
Eastern District,
Division Seven.

Oct. 20, 1992.

**52**

Curtis Cox, St. Louis, movant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Chief Judge.

Defendant-movant appeals denial of a Motion to Vacate Judgment and Sentence without an evidentiary hearing under Rule 24.035 after pleading guilty to burglary second degree. Section 569.170 RSMo 1986. We affirm.

On May 20, 1991, the trial court found defendant was a Class X offender, accepted defendant's guilty plea and ordered a presentence investigation. On June 20, 1991, defendant appeared for sentencing. At that time, defendant attempted to withdraw his guilty plea, claiming he had been mislead by his attorney regarding his eligibility for probation. Recalling defendant's testimony at the guilty plea hearing, the court found this assertion lacked credibility and then imposed a sentence of seven years.

On appeal, defendant raises three points. First, defendant alleges error in that the trial judge refused to recuse himself. Second, he claims the plea was involuntary in that counsel failed to take adequate measures to secure his alibi witnesses. Finally, defendant contends the plea was involuntary because his attorney misled him regarding the possibility of probation. These points are without merit.

Defendant contends the motion court judge erred in refusing to recuse himself from the post-conviction relief motion. The basis for this claim is a comment made by the judge during the sentencing hearing. In that proceeding, the judge called defendant a liar. Additionally, the court allowed defense counsel to testify in his own behalf which defendant claims should not be allowed because the testimony divulged privileged information.

■ In deciding the merits of defendant's motion to withdraw a guilty plea, it was a duty of the trial court to rule on defendant's credibility. *State v. Garner,*

799 S.W.2d 950, 954 (Mo.App.1990). The court was required to determine the factual support, if any, for the motion. The court found defendant's factual claims were not supported by his testimony. Thus, performing this function, the court did nothing which required disqualification on the 24.-035 motion, particularly where the issues raised in that motion did not involve fact disputes.

■ Defendant claims ineffective assistance of counsel in that the plea court allowed defense counsel to violate the attorney-client privilege when he testified before the sentencing court. However, a claim of ineffective assistance of counsel waives all privilege. *Stuckey v. State,* 756 S.W.2d 587, 593 (Mo.App.1988). This point is denied.

■ The second point also concerns ineffective assistance of counsel. Defendant complains defense counsel did not adequately investigate alibi witnesses. Defense counsel, however, testified about such efforts. He sent an investigator to find the only witness with a known address. The individual living at the residence said the witness did not reside there and the witness never returned phone calls. A second witness was also not located. Defendant only gave his attorney a first name—no last name, address or phone number. Apparently, location of the first witness was required in order to lead counsel to the second.

The plea court was satisfied with the efforts of the defense counsel. Further, defendant expressly stated at his guilty plea that counsel had done everything asked of him and had adequately and competently represented defendant's interests. Point denied.

■ Finally, defendant alleges his plea was involuntary because his attorney led him to believe he would be placed on probation. A movant's belief as to his or her anticipated sentence is necessarily subjective, but the test to be applied when determining voluntariness is whether there was a reasonable basis in the record for movant

to have such a belief. *Marlatt v. State,* 672 S.W.2d 165, 167 (Mo.App.1984).

■ In the current case, defendant has no reasonable basis for believing he would receive probation. The plea court explicitly explained to defendant that his record left little chance of probation. Additionally, defendant stated on the record at the plea hearing that he understood his slim chances. The record obviously does not support defendant's contention that he was misled in any way. Nor does it support a finding defendant was prejudiced by any discussion of probation with counsel, assuming without deciding, such discussions were misleading. In the absence of prejudice, a claim of ineffective assistance of counsel fails. *See Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987).

Judgment affirmed.

PUDLOWSKI and CRANDALL, JJ., concur.