**William DEAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. WD 52766.

Missouri Court of Appeals, Western District.

Submitted Feb. 11, 1997.

Decided June 17, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 29, 1997.

Application to Transfer Denied Sept. 30, 1997.

Elizabeth Unger Carlyle, Lee's Summit, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

Before BRECKENRIDGE, P.J., and SMART and EDWIN H. SMITH, JJ.

SMART, Judge.

William Dean appeals from the denial of his Rule 24.035 motion for post-conviction relief, after an evidentiary hearing. Dean contends that the motion court erred: (1) in finding that he was not prejudiced by the trial court's failure to follow Rule 24.02; (2) in finding that his plea was voluntary; (3) in finding that plea counsel was not ineffective; and (4) in finding that his plea was not rendered involuntary because of his perception that counsel was not prepared for trial. The judgment of the motion court is affirmed.

William Dean was charged with one count of robbery in the first degree, § 569.020, RSMo 1986, one count of kidnapping, § 565.110, and two counts of armed criminal action, § 571.015. On October 7, 1993, pursuant to a plea agreement, he entered a plea of guilty to one count of robbery in the first degree and one count of armed criminal action. Dean and his counsel completed a form questionnaire related to his plea, but Dean was not fully informed of his constitutional rights in open court in violation of Rule 24.02. On May 2, 1994, Dean filed a *pro se* motion pursuant to Rule 24.035. An amended motion was later filed by counsel. The circuit court denied the motion without an evidentiary hearing. Dean appealed from the decision of the circuit court. This court, in *Dean v. State*, 901 S.W.2d 323 (Mo.App.1995), remanded the cause for an evidentiary hearing to determine whether the violation of Rule 24.02, and other matters complained of by Dean, rendered the plea involuntary and unintelligent.

An evidentiary hearing was held on December 18, 1995 and January 26, 1996. On March 22, 1996, the motion court entered findings of fact and conclusions of law deny-

ing Dean's motion to vacate. The motion court found that Dean's plea was voluntary and that he was not prejudiced by the trial court's failure to personally address him at the plea proceedings. The trial court also found that Dean had not received ineffective assistance of counsel. Dean appeals.

## RULE 24.02 CLAIM

■ Dean contends that the motion court erred in finding that he was not prejudiced by the trial court's failure to follow the procedure required by Rule 24.02. The motion court made the following findings and conclusions on the issue:

At Movant's evidentiary hearing on December 18, 1995, the court questioned Movant regarding whether or not he understood the specific rights which he had waived by pleading guilty. Movant responded that *at the time he entered his plea,* he was aware that he did not have to plead guilty and could proceed to trial and present witnesses on his own behalf. Movant stated he understood that at a trial he would have the right to remain silent, the right to be presumed innocent until proven guilty, the right to cross examine witnesses, the right to appeal if found guilty, and that all twelve jurors would have to agree on guilt. Movant stated to the Court that he was *aware at the time of his guilty plea* that he had given up these rights as well as the right to a trial. Upon inquiry from the court, Movant further stated that he knew the full range of punishment on the charges he was facing, prior to entering his plea of guilty. This testimony shows that Movant was not prejudiced by the trial court's failure to address him in open court.

(Emphasis in original.)

The motion court also noted that there were additional reasons to view Dean's plea as entirely voluntary, including the fact that 1) Dean had entered a guilty plea in federal court to other charges arising from the same criminal conduct, 2) Dean's two co-defendants had entered pleas of guilty and were available to testify against him, and 3) Dean had confessed to the crime, and there was no reason to anticipate that his confession would

not be admissible against him. All of this, of course, means that Dean's chances for acquittal were non-existent, particularly when one realizes that the guilty plea in federal court would be admissible along with his confession.

Moreover, it was apparent to the trial court that Dean was very competently represented by retained counsel throughout the proceeding. Counsel was prepared to try the case if necessary, but counsel and Dean wisely negotiated a plea agreement on Dean's behalf.

■ Rule 24.035 limits appellate review to a determination of whether the findings and conclusions of the motion court are clearly erroneous. The motion court's findings and conclusions are deemed clearly erroneous only if, after reviewing the record, this court is left with the definite and firm belief that a mistake has been made. *Betts v. State,* 876 S.W.2d 802, 803 (Mo.App.1994). The movant bears the burden of establishing his grounds for relief by a preponderance of the evidence. *State v. Nunley,* 923 S.W.2d 911, 922 (Mo. banc 1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 772, 136 L.Ed.2d 717 (1997). This burden is made even more difficult because the hearing court is free to believe or disbelieve the evidence, whether contradicted or undisputed, including the movant's testimony. *Short v. State,* 771 S.W.2d 859, 864 (Mo.App.1989).

■ We find that the motion court's findings and conclusions are not clearly erroneous. The record supports the conclusion that Dean was not prejudiced by the plea court's failure to personally inform him of his rights. In *Dean I,* this court explained that the plea court's failure to follow the required procedure did not automatically entitle Dean to relief:

Nonetheless, unless Dean was prejudiced by the violation, he does not make a legitimate claim for a remedy pursuant to Rule 24.035. Unless Dean can establish that the circuit court's failure to inform him personally of his rights rendered his plea involuntary or unintelligent, he has not established a right to have the judgment accepting his plea set aside. His

constitutional guarantee is not a flawless procedure. His constitutional guarantee is that his plea of guilty will not result in a judgment against him unless the plea is voluntarily and knowingly made.

*Dean,* 901 S.W.2d at 328. The focus is on whether the plea is made intelligently and voluntarily, not whether a particular ritual is followed or every detail explained. *Cross v. State,* 928 S.W.2d 418, 419 (Mo.App.1996).

Some of the stated purposes of Rule 24.02 are that a defendant understand the specific charges against him, that he understand the maximum penalty confronting him and that he recognize that, by pleading guilty, he has waived specific legal rights. *State v. Taylor,* 929 S.W.2d 209, 216 (Mo. banc 1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1088, 137 L.Ed.2d 222 (1997). The record conclusively establishes that Dean understood the charges against him, understood that he was forfeiting certain rights by entering a plea of guilty, and that he understood the maximum penalty confronting him.

## MISUNDERSTOOD ELEMENTS OF CRIME

■ Dean contends that the motion court erred in finding that his plea was voluntary because he did not understand the elements of the offense to which he was pleading. Dean claims that he did not understand that the offense of armed criminal action required that he be aware that his co-defendant was armed. Dean's contention, that he was unaware of an essential element of armed criminal action, is unreviewable as it was not asserted in either his *pro se* motion or his amended motion. Any ground for relief that is not listed in the post-conviction motion is waived. *Yoakum v. State,* 849 S.W.2d 685, 689 (Mo.App.1993). Claims that have not been presented to the motion court cannot be raised for the first time on appeal. *Amrine v. State,* 785 S.W.2d 531, 535 (Mo. banc 1990).

## MISUNDERSTOOD FIXED SENTENCE

■ Dean's claim, that he did not understand that the plea agreement called for a fixed sentence, is refuted by the record. The motion court found:

Movant contends that his plea was not voluntary because he did not understand that he had agreed to a thirty year sentence. Movant signed the Petition to Enter Plea of Guilty which contains in paragraph 10 the terms of the plea agreement, including the sentences the Movant would receive from the court. Byron Fox testified that he went over the plea petition with Movant prior to the plea and recalls discussing the sentences Movant would receive. Mr. Fox stated that he had no doubt that Movant understood he would be sentenced to thirty years on each count. There was no discussion of a thirty (30) year lid with the potential of a lesser sentence.

The plea agreement was an agreement for thirty years on the armed robbery and the armed criminal action counts, sentences to run concurrently and not consecutively. At the plea hearing, Dean was asked by the court whether or not he had read the agreement, whether he understood the agreement, whether the statements in the agreement were true and whether he had any questions about the petition or any other part of the procedure. Dean replied that he had read, signed, understood and agreed to the truthfulness of the agreement. He stated affirmatively that he had no questions of the court at that time. At the motion hearing, Dean was asked what he understood was the agreement at the time of the plea. He answered, "That I could be sentenced to thirty years, no more; that I would have an opportunity to present character references and a presentence investigation, in hopes to receive leniency."

Dean's understanding seems to accurately reflect the plea agreement. Dean may have thought he had a chance to receive leniency. He did not present any character witnesses, although the trial court found that his counsel offered to present any witnesses Dean desired. The trial court also was provided the federal pre-sentence investigation.

■ In any event, the issue of whether the trial court could go below the 30 year sentence is a red herring. Dean claims that the actual agreement was an agreement

which was "binding" on the judge in the sense that the court could not go below the 30 year sentence, but that he did not know that it was "binding." Dean is incorrect that it was a "binding" agreement. There is nothing in the record to support this concept, nor does it accord with common sense and experience. Let us assume, for instance, that after reviewing the federal pre-sentence investigation, the trial court had announced that in good conscience the court could not go along with 30 years, and it intended instead to sentence Dean to 15 years. What is the prosecution to do? Ask the court to reject Dean's plea and to force him to trial? Or seek a writ to compel the trial court to sentence Dean to 30 years? We think not. The court was not bound to give him 30 years. The agreement was for 30 years; however, Dean could present character witnesses and the court would consider the federal pre-sentence investigation. Theoretically, the sentence could be less than 30, but the chances of it being less than 30 years were very slim. The motion court found that counsel never told Dean he might receive less than 30 years. The motion court found that Dean did not plead guilty in reliance upon a possibility of receiving less than a 30 year sentence. The record is consistent with the finding that Dean understood the plea agreement. The motion court did not clearly err in so finding.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Dean contends that the motion court clearly erred in failing to find that trial counsel was ineffective for failing to investigate witnesses and in failing to vigorously prosecute Dean's motion to suppress evidence. Dean claims that such omissions were significant and affected his decision to plead guilty. As to the assertion that counsel was ineffective for failing to investigate witnesses, the motion court found that counsel did investigate the witnesses, and did discuss with Dean counsel's analysis of the potential use of witnesses. The motion court also found that counsel was not ineffective for failing to file a motion to suppress because it is unlikely such a motion would have been successful.

Upon a plea of guilty, effectiveness of counsel is relevant only to the degree that it affects the voluntariness of the plea. *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985). Movant, in establishing ineffective assistance of counsel, must satisfy a two-prong test, showing: (1) counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances; and (2) that defendant was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In order to satisfy the prejudice prong of the *Strickland* test, a movant must demonstrate that, but for the errors of counsel, he would not have pled guilty but instead insisted upon proceeding to trial. *Hagan v. State*, 836 S.W.2d 459, 464 (Mo. banc 1992).

As a general rule, the entry of a guilty plea functions as a waiver of any future complaints that a defendant might have concerning counsel's failure to investigate. *Eberspacher v. State*, 915 S.W.2d 384, 386 (Mo.App.1996). In order to prevail upon his claim, Dean must specifically describe the information that counsel failed to discover, allege that reasonable investigation would have lead to the discovery of that information, and show that the information would have been of aid to his defense. *Id.* "Only in rare cases does a court find counsel's failure to interview witnesses to be sufficient to support a claim of ineffective assistance of counsel." *Yoakum*, 849 S.W.2d at 688.

Dean claims Clarice Robinson, his girlfriend, and John Dean, his brother, had information relevant to the suppression of his confession, that the police intentionally misled Dean in order to obtain his statement. The record shows counsel did interview the witnesses. There was no suppression hearing at the state level. Counsel felt that he had a better chance of succeeding on the motion in federal court. The federal court denied the motion to suppress and counsel decided not to file a similar motion in state court. Counsel determined that such a hearing would be a mere academic process in state court because Dean, after losing the suppression motion in federal court, entered

a guilty plea in the federal proceedings. Counsel determined that the factual allegations made at those proceedings could be used to incriminate Dean in state proceedings. Indeed, the suppression of the confession would have been to no avail due to the admissibility of the federal guilty plea. Dean's contentions in this regard are entirely without merit. Dean was represented effectively, despite a marked lack of cooperation on the part of Dean and his witnesses.

Dean also contends that his plea was not voluntary because of Dean's perception that counsel was not prepared for trial. Dean argues that the issue is not whether counsel was actually prepared for trial, but whether Dean perceived him to be ready. We disagree that the standard is totally subjective. Just as a belief in connection with sentencing must be supported by a reasonable basis in the record, *Scruggs v. State*, 839 S.W.2d 51, 52–53 (Mo.App.1992), there must be some reasonable basis for Dean's belief that counsel was unprepared. The record does not reveal such a reasonable basis. To the contrary, the record shows that Dean's counsel had engaged in appropriate evaluation and preparation. Dean's subjective impression of his counsel's lack of readiness for trial was not reasonable under the circumstances. The trial court did not err in finding that Dean's plea was voluntary, and that counsel was not ineffective.

The judgment of the motion court is affirmed.

BRECKENRIDGE and EDWIN H. SMITH, JJ., concur.