James R. LEEDOM, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 65753.

Missouri Court of Appeals, Western District.

July 18, 2006.

---

1. It appears from the record that the Movant's name is actually spelled "Dandre."

Margaret M. Johnston, Esq., Columbia, MO, for appellant.

Shaun J. Mackelprange, Esq., Jefferson City, MO, for respondent.

Before HOLLIGER, P.J., LOWENSTEIN and ULRICH, JJ.

HAROLD L. LOWENSTEIN, Judge.

This is an appeal from the denial, after a hearing, of the appellant James Leedom's (Movant) motion for relief under Rule 24.035. He raises three points. Rule 24.02 is at the heart of this appeal. There were two plea agreements proposed to the court. Movant contends the requirements of Rule 24.02 were not followed in his second plea hearing that resulted in his sentence. Affirmed.

Movant was charged with one count of first degree assault (Section 565.050, RSMo 2000), and one count of unlawful use of a weapon (Section 571,030, RSMo 2000), after beating and then threatening his fiancé with a knife and a chain saw.

At his first plea hearing on December 17, 2002, Movant testified, "I hit Teresa one time that I remember. I remember hitting her once, and then after that I don't remember anything until I remember seeing somebody come through the door, and after that I don't remember anything until I woke up on the floor in handcuffs." Movant entered an *Alford* plea, *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to the following facts as outlined by the prosecutor:

The incident started out much as the defendant described, an argument between the two over what she [the victim] perceived to be infidelity while the two of them lived together. The defendant became intoxicated, became enraged as the evening wore on, and finally lost his temper with her and struck her repeatedly, knocking her on the floor. She finally got away from him. After he cut the phone lines on the house, she fled the house and he grabbed her and caught her in the front yard and knocked her down again. She was in such pain that she vomited. He held a knife to her throat, indicated he would kill her if she did not return to the house, and drug her back into the house by the ... hair of the head. Once they got back inside, the assault continued. He directed her son to leave the room as he attempted to start a chain saw, because he indicated he was going to kill the victim. He was unsuccessful in starting this chainsaw.

Movant told the court he had no reason to dispute the prosecutor's statement. "I

don't disagree with it, no, because I don't find—I don't see any reason for her to lie." Movant sought probation with several conditions based on anger management. The court told Movant the court was not guaranteeing probation, and that the maximum punishment was twenty years. The court accepted the plea. A pre-sentence investigation was ordered.

A sentencing hearing was held on January 21, 2003. The judge said that based on the pre-sentence report, probation was out of the question, and that a prison sentence was appropriate. Movant was then allowed to, and, did withdraw his guilty plea.

On April 29, 2003, Movant and the prosecutor again appeared before the judge with a new plea agreement, which included as additional conditions that Movant would attend counseling at the Samaritan program and at Fellowship House in St. Joseph. The following colloquy occurred:

THE COURT: All right. Mr. Leedom, do you understand the Court has previously accepted your pleas of guilty to Count I, assault in the first degree, a Class B felony, and unlawful use of a weapon under Count II, which is a Class D felony?

MR. LEEDOM: Yes.

THE COURT: The Court will not go through all those facts and your rights again, but you recall all those facts—

MR. LEEDOM: Yes.

THE COURT:—and rights that the Court has already gone through with you? Do you understand this?

MR. LEEDOM: Yes.

THE COURT: Then after the presentence investigation report, the Court rejected the plea agreement, and now a new plea agreement has been submitted to the Court. Do you understand that?

MR. LEEDOM: Yes.

THE COURT: All right. Is there anything Mr. Leedom, you would like to say before I decide whether or not to accept this new plea agreement? You're not required to say anything, but if there's anything you want to say, I'll give you the opportunity.

MR. LEEDOM: It was partially my idea for the—you know, for the—to get the help. I want to get the help. I know there is a problem, so—so I have no problem taking this.

THE COURT: You have a what?

MR. LEEDOM: I have no problem taking, you, this agreement.

The court accepted this agreement and sentenced Movant to ten years under Count I, and five years under Count II, both to run concurrently. Execution of sentence was suspended, and Movant was placed on probation for five years.

On July 8, 2003, Movant was back in court admitting to a probation violation. He had failed to complete the program at Fellowship House. He had been discharged from that program because of a threat (Movant described the incident as "blowing off steam") made to another person. His attorney suggested, as an alternative, a different program. The court declined and ordered execution of the previously imposed sentences. Movant then filed the underlying Rule 24.035 motion to vacate the sentence imposed pursuant to the April 29, 2003 plea.

■ Rule 24.035(k) limits review to a determination of whether the findings and conclusions of the motion court are clearly erroneous, and the findings and conclusions are not clearly erroneous unless an appellate court, after reviewing the record, is left with a definite and firm belief a mistake has been made. *Daniels v. State,* 70 S.W.3d 457, 460 (Mo.App.2002). Movant bears the burden of establishing grounds for relief, and the motion court is

free to believe or disbelieve, even undisputed evidence, including that of movant's testimony. *Dean v. State,* 950 S.W.2d 873, 876 (Mo.App.1997).

On appeal, Movant alleges three points in his effort to vacate the April 2003 judgment and sentence because the following matters rendered his plea involuntary and unintelligent: (1) The requirements of Rule 24.02 were not met in that he did not knowingly waive the right to a jury, and that the court could not rely on the previously withdrawn plea agreement; (2) No factual basis for the plea was established because the plea court could not have relied on the prior plea; and, (3) Relying on Rule 24.02(e), there was no factual basis established for the plea to the assault charge.

All three points relate to the effect of the plea court having relied upon the Rule 24.02 examination conducted in December 2002 when accepting the April 2003 plea. Rule 24.02 was amended in 2004. None of the changes affect this appeal.

As pertinent here, Subsection 24.02(b)3 states the plea court must advise the defendant that the defendant is waiving a jury trial, and Subsection (e) does not allow a judge to enter a judgment on a plea of guilty unless the judge has determined there is a factual basis for the plea.

■ The linchpin for all of Movant's arguments rests on his assertion that Rule 24.02(d)5 keeps the testimony at the initial plea hearing from being "used" in the second plea hearing, where the plea was accepted. In other words, was the plea judge, who heard both pleas, required at the second hearing where the plea was accepted and sentence imposed, to again advise Movant of his rights that he was waiving under Rule 24.02, and again establish a factual basis for conduct that had been fully covered in the initial hearing?

Rule 24.02.(d)5 holds that evidence of later withdrawn guilty plea or statements made in connection to previous plea offers, are not admissible in a "civil or criminal proceeding against the person who made the plea."[1] In the case at bar, the previous testimony of the Movant was referred to in connection with a later plea agreement. The operative word in the rule, as it applies to this case, is "against," for here the prior testimony of Movant was utilized by him to effectuate a plea agreement that would be accepted by the court. When the sentencing court did not approve the agreement, the same testimony of the defendant was used to again seek approval of a plea agreement to the very same crime on the very same facts.

Movant seeks an interpretation that Rule 24.02(d)5 "mandates" that a court cannot rely a waiver of rights, and the establishment of a factual basis by a defendant in his or her prior plea testimony in a rejected plea agreement, to satisfy the requirements of (b)1–4 and (e) in a subsequent plea hearing on the same charge. Contrary to Movant's assertion, it would appear that Rule 24.02(d)5) is an evidentiary mechanism to prohibit the use or introduction of a defendant's statements taken in a plea hearing against him in a later proceeding. The purpose of this language would seem to be to protect a defendant from future criminal or civil proceedings based upon the information obtained in a plea hearing. The testimony in question here was not used "against" the Movant. To the contrary, the court in the second plea attempt got Movant's assent to use the testimony from the first hearing (establishing a factual basis and acknowledging the rights waived by a guilty plea) to induce the court to accept a different set of conditions to allow the Movant to avoid prison time.

■  Movant's position on the inadequacy of the procedure here to satisfy that there was a determination of a factual basis for his plea, is further undermined by the fact that he entered an *Alford* plea, and did not contest the facts the prosecutor testified would be established by State's evidence that would be sufficient for a jury to have returned a guilty verdict. *See State v. Juarez*, 26 S.W.3d 346, 357 (Mo.App.2000).

■  Although the safer practice would have been to repeat the pertinent questions from the first plea hearing and elicit answers from Movant, the record made at the second hearing adequately shows the Movant agreed that there were no changes in the facts, nor any new question as to rights he would forfeit by the court accepting his plea. *Daniels v. State*, 70 S.W.3d at 461. This court concludes that the motion court did not clearly err in determining that the failure to question anew, instead of relying on the testimony from the prior plea hearing, automatically entitle Movant to relief. *Dean v. State*, 950 S.W.2d at 876, nor did it err in finding his plea was made intelligently and voluntarily. *Id.* at 877.

The judgment denying the Rule 24.035 motion is affirmed.

All concur.

---

**1.**  As to admissibility of pleas, 11 FRCP refers to Section 410 of the Federal Rules of Evidence which corresponds to Rule 24.02(d)5