**STATE of Missouri, Respondent,**

v.

**Karl Paul BROSEMAN, Appellant.**

Nos. WD 51864, WD 52949.

Missouri Court of Appeals,
Western District.

Submitted March 13, 1997.

Decided June 24, 1997.

Kent Fanning, St. Charles, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before BRECKENRIDGE, P.J., and SMART and LAURA DENVIR STITH, JJ.

SMART, Judge.

Karl Paul Broseman appeals his conviction, after jury trial, of murder in the second degree, § 565.021.1(1), RSMo 1994[1] for which he was sentenced to a ten-year term of imprisonment. Broseman also appeals from the denial of his Rule 29.15 motion for post-conviction relief, following an evidentiary hearing. In his direct appeal, Broseman contends that the trial court erred in not granting his motion for acquittal at the end of the State's evidence because the evidence concerning intent was insufficient to sustain a conviction. In his appeal from the denial of his Rule 29.15 motion, he claims that the motion court erred in denying his Rule 29.15 motion because trial counsel was ineffective in: (1) failing to give an opening statement; (2) failing to interview and competently cross-examine any of the State's witnesses; (3) failing to identify Broseman as the person performing CPR upon his son; (4) failing to take the deposition of Dr. Mary Case; (5) failing to adequately inform Broseman of the 85% sentencing rule; (6) failing to offer an instruction on voluntary manslaughter; (7) failing to call witnesses on behalf of Broseman; (8) failing to file an appeal as ordered by the trial court; (9) citing Rule 74.02, a civil rule, in the motion for new trial; (10) failing to object to highly inflammatory and prejudicial evidence; (11) failing to object to evidence of another crime; (12) failing to file a motion to suppress Broseman's statements to police; (13) failing to preserve an issue for appeal in the motion for new trial; and (14) failing to have any reasonable trial strategy or theory of Broseman's case at trial. The judgment of the trial court is affirmed. The judgment of the motion court is affirmed.

Karl Paul Broseman lived with Christina Spinks and her two sons, Adam and Carlos. Carlos was also Broseman's son. On February 16, 1995, Ms. Spinks left for work about 5:30 a.m. Broseman was to care for Carlos, who was four months old, until he went to work. Carlos was not suffering from any serious medical problems, although he was "a little colicky" and had "a little sinus infection." Broseman had to work that afternoon. Broseman's usual routine was to take Carlos over to Hair Express, a beauty shop operated by Ms. Spinks' mother, when he went to work.

Shortly before noon, Broseman called a co-worker, Charles Williams, and told him that he could not give Williams a ride to work that day because "he was having a little problem." Later that afternoon, paramedics from the St. Charles County Ambulance District received a "pediatric code blue" at Hair Express. When the paramedics arrived, they noticed a man attempting to perform CPR on Carlos Broseman. The baby was not breathing and had no pulse. The baby was taken to St. Joseph's Hospital West in Lake St. Louis. Carlos Broseman was pronounced dead at the hospital.

Police made contact with Broseman in the bathroom of Hair Express, asking him if there were any special problems they needed to know about in order to help Carlos. Broseman replied that he had been shaking his son and made the statement, "I guess you're going to arrest me." Detective Michael Grawitch asked Broseman to go to the O'Fallon Police Department with him. In the car, on the way to the station, Detective Grawitch advised Broseman of his Miranda[2] rights. Broseman told the detective that he understood the rights and was willing to talk. Detective Grawitch asked Broseman about shaking Carlos. Broseman told him that this was not the first time that he had shaken the baby and that the little boy had been crying a lot and that was the only way he knew how to deal with the crying. He stated that the crying had gotten very bad and that this was the worst that he had ever shaken the child. Broseman said that he had shaken Carlos at home and, when he was ready to put Carlos

---

1. All statutory references are to Revised Statutes of Missouri 1994, unless otherwise indicated.

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

in the car and take him to the hair salon, Carlos was not moving at all. At the police station, Broseman gave a written statement to the police, writing, at one point, "He was lifeless." Broseman was asked to demonstrate how he had shaken Carlos. Using a stuffed bear, Broseman demonstrated. "He lifted up the bear and shook it back and forth, and the bear's head was going all the way back and all the way forward."

An autopsy was performed on the baby. Dr. Mary Case, a forensic pathologist, testified that Carlos Broseman's brain showed a subdural hemorrhage on the dura and a subarachnoid hemorrhage on top of the brain. There was evidence of fresh damage and also evidence of old damage. Dr. Case opined that Carlos Broseman had a "blunt injury to the head ... an acceleration/deceleration type of mechanism in which the head moves rapidly and then stopped abruptly, and then at that point, the brain continues to rotate." She testified that the shaking given to Carlos would have been "very violent" and not the result of normal horseplay. She stated that, in her opinion, the injuries were caused by being shaken or by some type of blunt trauma.

At the end of the State's evidence, the defense made a motion for judgment of acquittal which was denied by the trial court. The defense did not present any evidence. The jury returned a verdict of guilty of murder in the second degree. On October 26, 1995, the trial court sentenced Broseman to a ten-year term of imprisonment.

On February 9, 1996, Broseman filed a *pro se* Rule 29.15 motion for postconviction relief. In his motion Broseman claimed that trial counsel was ineffective on the following grounds:

1. Trial counsel failed to competently cross-examine all of the State's witnesses in the murder trial.

2. Trial counsel failed to competently cross-examine Dr. Mary Case and failed to take her deposition prior to trial.

3. Trial counsel was ineffective in failing to tell Movant that if he accepted the plea bargain for seven (7) years on voluntary manslaughter, he would be eligible for parole after serving one-third (1/3) of his sentence, but if he was found guilty of murder in the second degree, he would have to serve 85% of his sentence because murder in the second degree is a dangerous felony.

4. Trial counsel was ineffective for failing to offer an instruction on voluntary manslaughter.

5. Trial counsel was ineffective for failing to call witnesses concerning Movant's character and love of his child.

6. Trial counsel was ineffective for failure to file an appeal as ordered by the Court.

7. Trial counsel was ineffective for citing Rule 74.02 in his Motion For New Trial.

8. Movant's Motion for New Trial only raises two grounds. The main issue in the case concerning the sufficiency of the evidence is improperly raised in the Motion for New Trial stating the "verdict was against the greater weight of the evidence".

An evidentiary hearing on the motion was held May 3, 1996. On June 25, 1996, the motion court issued an order denying Broseman's Rule 29.15 motion. Broseman appeals from his conviction and from the denial of his motion for post-conviction relief.

## DIRECT APPEAL

Broseman contends, in his direct appeal, that there was no evidence presented by the State on the element of intent sufficient to sustain a verdict of second degree murder. He argues, therefore, that the trial court erred by not granting Broseman's motion for judgment of acquittal. Broseman claims that although there was evidence that he had shaken Carlos, there was no evidence that he knew or had any reason to believe that by shaking Carlos he would cause Carlos' death. Broseman points out that testimony given by Ms. Spinks showed that he loved his son and had never hurt Carlos in any way.

Section 565.021.1(1) provides that a person commits murder in the second degree when he or she "[k]nowingly causes the death of another person or, with the purpose of causing serious physical injury to another person, causes the death of another person." A person acts "knowingly" with respect to the

result of his conduct "when he is aware that his conduct is practically certain to cause that result." § 562.016.3(2), RSMo 1994.

Broseman is challenging the sufficiency of the evidence. In order to make a determination concerning sufficiency, a reviewing court considers all evidence favorable to the State as true, including all favorable inferences arising therefrom. *State v. Grim,* 854 S.W.2d 403, 405 (Mo. banc 1993). By the same token, we discard all unfavorable evidence and inferences. *Id.* In reviewing a sufficiency of the evidence claim, we examine the evidence to determine whether there is sufficient evidence to permit a reasonable juror to find guilt. *State v. Storey,* 901 S.W.2d 886, 895 (Mo. banc 1995). We do not, however, weigh the evidence, *State v. Villa–Perez,* 835 S.W.2d 897, 900 (Mo. banc 1992), or determine the reliability or the credibility of witnesses. *State v. Idlebird,* 896 S.W.2d 656, 660–61 (Mo.App.1995). Reliability and credibility are issues for the jury to decide. *State v. Sumowski,* 794 S.W.2d 643, 645 (Mo. banc 1990). Broseman repeatedly admitted that he had violently shaken his infant son. He admitted his guilt to police and told them that he needed help. He admitted that he had shaken Carlos on other occasions, that the little boy had a crying problem, and that shaking Carlos was the only way Broseman knew how to deal with the crying. Broseman admitted that this was the worst he had ever shaken Carlos and that he had never shaken the baby so hard in his life. The autopsy results show that Carlos was shaken very violently.

Direct evidence as to a particular mental state is rare. *State v. Johnston,* 868 S.W.2d 226, 228 (Mo.App.1994). Proof, therefore, usually depends upon circumstantial evidence and permissible inferences. *Id.* "It is properly said that it will be presumed that a person intends the natural and probable consequences of his acts." *State v.*

*O'Brien,* 857 S.W.2d 212, 218 (Mo. banc 1993).

The Eastern District recently examined issues similar to those presented in the instant case in *State v. Candela,* 929 S.W.2d 852 (Mo.App.1996). Janet Candela was convicted of second degree murder in the death of her four-and-a-half year old daughter. *Id.* at 856. Evidence of shaken infant syndrome and shaken baby syndrome was presented at trial. Candela challenged the sufficiency of the evidence, claiming that the State failed to prove that she acted with a purpose to cause serious physical injury to the child. *Id.* at 868. The court stated:

> The seriousness of Amber's head trauma provided, in itself, a basis for inferring defendant knew her actions were practically certain to cause serious physical injury: "A jury can infer intent to cause physical bodily harm when 'under the circumstances, the prohibited result may reasonably be expected to follow from a voluntary act, irrespective of any subjective desire on the part of the offender to have accomplished the prohibited result.'" *State v. Franklin,* 854 S.W.2d 55, 58 (Mo.App. W.D.1993) (citations omitted).

*Candela,* 929 S.W.2d at 868.

The serious nature of Carlos' brain injury is, in and of itself, a basis for inferring that Broseman knew that his actions would be practically certain to result in Carlos' death. The evidence also permitted and supported an inference that Broseman had a purpose to cause serious physical injury to the child. There was sufficient evidence to support the jury's verdict. Broseman is entitled to no relief.

## POST–CONVICTION APPEAL

### A. Standard of Review

Broseman challenges the action of the motion court in denying his Rule 29.15 motion for post-conviction relief.[3]

---

**3.** The rules of civil procedure govern Rule 29.15, insofar as they are applicable. *Rule 29.15(a).* Broseman is, therefore, in violation of Rule 84.04(d) which states: "[t]he points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be

erroneous...." Broseman's Point Relied On relating to his post-conviction appeal is neither brief not concise. It fills a little over an entire page in the brief and lists fourteen alleged errors of the motion court. Because of the nature of this appeal, we will review Broseman's post-conviction claims. We direct counsel's attention

■ Appellate review of the motion court's findings and conclusions is limited to a determination of whether the findings and conclusions are clearly erroneous. *State v. Driver*, 912 S.W.2d 52, 54 (Mo. banc 1995); Rule 29.15(k). The motion court's findings and conclusions will be deemed clearly erroneous when, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake was made. *State v. Johnson*, 901 S.W.2d 60, 62 (Mo. banc 1995).

■ In order to demonstrate ineffective assistance of counsel, movant must satisfy a two-part test, showing: (1) counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances; and (2) defendant was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, (1984). Prejudice is established when it is shown by a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. *State v. Tokar*, 918 S.W.2d 753, 761 (Mo. banc), *cert. denied*, — U.S. —, 117 S.Ct. 307, 136 L.Ed.2d 224 (1996). A movant must show that the factfinder would have had a reasonable doubt as to guilt absent the alleged error. *State v. Gordon*, 915 S.W.2d 393, 398 (Mo.App.1996). There is a presumption that counsel performed effectively; the movant assumes a heavy burden in attempting to overcome this strong presumption by a preponderance of the evidence. *Tokar*, 918 S.W.2d at 761. "The benchmark for judging ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *State v. Graham*, 906 S.W.2d 771, 784 (Mo.App.1995). We consider only those claims of ineffective assistance of counsel raised by movant in his Rule 29.15 petition. Claims that are raised by the movant for the first time on appeal are procedurally barred. *State v. Gray*, 887 S.W.2d 369, 386 (Mo. banc 1994). The problem, of course,

with failing to raise an issue in the 29.15 motion in the trial court is that the trial court was unable to develop a record to permit our review of the issue. Consequently, we must decline review of points not raised in the trial court. *Id.*

### B. Opening Statement

■ Broseman complains that trial counsel was ineffective because he failed to give an opening statement. Broseman fails to note the fact that the defense did not plan to present any evidence, so there was nothing to say in opening statement. *See Boggs v. State*, 742 S.W.2d 591, 595 (Mo.App.1987). In any event, Broseman did not raise this issue in his Rule 29.15 motion, so it has not been preserved for appellate review. *Id.*

### C. Cross-examination and Interviewing Witnesses

■ Broseman's next complaint is that counsel failed to interview or competently cross-examine any of the State's witnesses. The motion court found that trial counsel "testified that the extent of cross-examination was a matter of trial strategy on his part" and that "there is no showing that any additional cross-examination would have had any different effect on the outcome of the trial." There is nothing clearly erroneous about the motion court's findings.

■ Broseman does not make the requisite showing of prejudice because he has not demonstrated what any interviews would have revealed. *Storey*, 901 S.W.2d at 898. There is no evidence, or, for that matter, any allegation that the alleged failure of trial counsel to interview witnesses had any adverse effect on the trial or that the outcome of the trial would have been different had counsel conducted interviews. Similarly, Broseman's contention that counsel's cross-examination was not adequate is not supported by the record. Trial counsel testified at the Rule 29.15 motion hearing that his cross-examination of the witnesses was geared toward bringing out that there was no intent on Broseman's part to kill Carlos.

to *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978) for an analysis of the requirements of Rule 84.04.

The defense did not dispute the cause of death, nor did it dispute that Broseman's actions resulted in Carlos' death. Broseman admitted that he had shaken the baby. Counsel's decisions about the extent of and subjects covered in cross-examination are matters of trial strategy best left to the judgment of counsel. *State v. Newson*, 898 S.W.2d 710, 717 (Mo.App.1995).

### D. Broseman Performing CPR

■ Broseman next contends that trial counsel was ineffective by failing to have Broseman identified as the person performing CPR on Carlos at the time that the paramedics arrived. Broseman argues that this identification could show a lack of intent. Broseman overlooks the fact that the testimony supported an inference that Broseman was the one providing CPR to the child, and that trial defense counsel made the argument to the jury that Broseman's action in performing CPR was inconsistent with an intent to kill. Trial counsel argued:

> Remember the paramedic's testimony? When he showed up, this man was trying to resuscitate his son, he was trying to give him CPR. Does a murderer try to revive his victim? I don't think so, and I don't think that's what happened in this case.

In any event, Broseman did not present this matter to the motion court in his Rule 29.15 motion and has not, therefore, adequately preserved it for appeal. *Gray*, 887 S.W.2d at 386.

### E. Failure to Depose Pathologist

■ Broseman complains that trial counsel was ineffective because he failed to take the deposition of Dr. Mary Case or competently cross-examine Dr. Case at trial. Dr. Case performed an autopsy on Carlos. She testified that, in her opinion, Carlos' injuries had occurred as the result of shaking or some type of blunt trauma. At the motion hearing, trial counsel testified that he had a copy of Dr. Case's autopsy report and did not think a deposition was necessary. The defense did not dispute the cause of death. Counsel testified that he did not think it necessary or wise to remake points made by the State on direct examination. The motion court found "there is no showing that further cross-examination or a deposition taken prior to trial would have been likely to result in a different trial outcome."

■ The decision of trial counsel about whether or not to depose a witness is a matter of trial strategy. *State v. Brittain*, 895 S.W.2d 295, 301 (Mo.App.1995). Broseman does not explain how a deposition would have changed the result of the trial. Broseman's claim does not state a basis for relief.

### F. The 85% Rule

■ Broseman next complains that trial counsel failed to adequately inform him of the 85% sentencing rule under § 556.061(8) and 558.019.3, i.e., that if he were found guilty of murder in the second degree he would be required to serve 85% of his sentence. He also contends that counsel failed to inform him of his constitutional rights to enter an *Alford*[4] plea. The motion court found:

> Movant's third allegation is that trial counsel is ineffective in failing to tell Movant that if he accepted the plea bargain of seven years on voluntary manslaughter he would be eligible for parole after serving one-third of the sentence, but if found guilty of murder in the second degree he would have to serve 85% of his sentence because murder in the second degree is a dangerous felony. Mr. Laboe and his investigator both testified that the Movant was advised of these matters. Further, even if one accepts the testimony of the Movant that he was not so advised, there is no showing that he was willing to enter a plea of guilty under any circumstance. The plea bargain as proposed by the State to the Movant was not acceptable to the Movant and he turned it down. The counter offer by the Movant to the State was not acceptable to the State, thus there is no showing that the Movant was ever willing to plead guilty to either voluntary or involuntary manslaughter for a term of seven years.

4. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

Counsel testified that he had told Broseman about the 85% provisions and discussed the pros and cons of the State's plea offer weighed against proceeding to trial. Broseman would not take the plea offer because he felt that seven years was too long and because he did not want to plead to voluntary manslaughter. The investigator who assisted defense counsel also testified at the motion hearing. His testimony confirmed that of trial counsel, that Broseman had been informed about the 85% rule. The motion court obviously found this testimony to be credible and we defer to the motion court's determinations concerning credibility. *State v. Taylor*, 929 S.W.2d 209, 224 (Mo. banc 1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1088, 137 L.Ed.2d 222 (1997).

Broseman's contention that counsel was ineffective because he did not explain *Alford* has not been preserved for review. *Gray*, 887 S.W.2d at 386.

### G. Instruction on Voluntary Manslaughter

Broseman claims that counsel was ineffective for failing to offer an instruction on voluntary manslaughter. The motion court stated:

> Movant's next allegation is that Mr. Laboe was ineffective for failing to offer an instruction on voluntary manslaughter. The Court finds that any failure to offer this instruction was a matter of trial strategy on the part of Mr. Laboe. The jury was in fact instructed on involuntary manslaughter which offered by far the best possibility of acceptance by the jury. Further, this court finds that in order for an instruction to have been submitted on voluntary manslaughter, the second degree murder instruction would have had to include the element that the Movant "did not do so under the influence of sudden passion arising from adequate cause". The Court finds that there was no evidence at trial from which a jury could find that the Movant was acting under the influence of sudden passion arising from adequate cause. How could a jury reasonably find that a child, who was at the time under six months of age, produce such sudden pas-

sion from adequate cause, by crying, that the child should be shaken to death?

 It is not required that the trial court offer an instruction on a lesser included offense unless there is a basis for the acquittal of the defendant on the offense charged and convicting him of the lesser included offense. *State v. Neil*, 869 S.W.2d 734, 739 (Mo. banc 1994). Section 565.023.1(1) states that a person commits voluntary manslaughter where, "he causes the death of another person that would constitute murder in the second degree … except that he caused the death under the influence of sudden passion arising from adequate cause…." As the motion court pointed out, a jury could not reasonably find that Broseman experienced sudden passion from adequate cause in this case. We hold categorically and emphatically that an infant's crying is not "adequate cause." There was no basis in evidence for the instruction.

### H. Character Witnesses

Broseman claims that his attorney was ineffective because he failed to call witnesses on his behalf. In his motion he contended that counsel was ineffective because he failed to call "witnesses concerning movant's character and love of his child." The motion court found that the failure to call witnesses was a matter of trial strategy and was not ineffective assistance of counsel. Trial defense counsel filed a motion in limine to exclude any evidence as to character. During the motion hearing, counsel explained that in the discovery material there was a statement made by a co-worker of Broseman's who "accused him of violent fits of temper, of throwing things around, [and] of fighting."

 In order to prove that trial counsel was ineffective for failing to locate and call witnesses, a movant must show that counsel knew or should have known that the witnesses existed, that reasonable investigation would have located the witnesses, that the witnesses would have testified if called, and that the testimony of the witnesses would have provided a viable defense. *State v. Harris*, 870 S.W.2d 798, 817 (Mo. banc 1994). "If counsel believes that the witness's

testimony would not unqualifiedly support the defense, the decision of whether to call the witness is a matter of trial strategy that will not support a finding of ineffective assistance of counsel." *Johnson*, 901 S.W.2d at 63. Character witnesses would not have provided Broseman with a viable defense and counsel had a reasonable basis for failing to call such witnesses.

### I. Filing of Appeal

Broseman next claims that counsel was ineffective for his failure to file an appeal. However, a notice of appeal was timely filed in this case. Broseman is entitled to no relief on this issue. *Wilwording v. State*, 438 S.W.2d 447, 450 (Mo.1969).

### J. Motion For New Trial

Broseman next argues that counsel was ineffective in citing a civil rule, Rule 74.02, in his motion for new trial. Counsel explained at the motion hearing that citation to this rule was either a typographical or clerical error. Broseman does not state how citation to Rule 74.02 was prejudicial to him and nothing in the record suggests that the trial court denied Broseman's motion for new trial because of the citation.

### K. Failure to Object

The next contention made by Broseman as to the ineffectiveness of trial counsel is that counsel failed to object to "highly inflammatory and prejudicial evidence." Broseman's contention is not reviewable as he has failed to preserve the claim by presenting it to the motion court in his Rule 29.15 motion. *Gray*, 887 S.W.2d at 386.

### L. Other Crimes Evidence

 Broseman argues that counsel was ineffective because he failed to object to evidence of another crime. It is Broseman's contention that counsel should have objected to evidence that Broseman had shaken Carlos on other occasions. The evidence was clearly admissible and an objection would have been non-meritorious. *State v. Conley*, 873 S.W.2d 233, 236 (Mo. banc 1994). In any event, this argument has not been preserved for review as it does not appear in Brose-

man's Rule 29.15 motion. *Gray*, 887 S.W.2d at 386.

### M. Motion to Suppress

Broseman also contends that trial counsel demonstrated that he was ineffective because no motion to suppress was filed as to Broseman's statements to the police. Again, no mention of this issue appears in Broseman's Rule 29.15 motion so it has not been properly preserved for appeal. *Gray*, 887 S.W.2d at 386.

### N. Failure to Preserve Issue

 Broseman next argues that trial counsel was ineffective by failing to preserve an issue for appeal in his motion for new trial. The motion for new trial stated that the verdict was "against the greater weight of the evidence." Broseman contends that this failed to preserve the issue of sufficiency for appeal. We note that "claims for post-conviction relief based on trial counsel's failure to adequately preserve issues for appeal are not cognizable under Rule 29.15." *State v. Lay*, 896 S.W.2d 693, 702 (Mo.App.1995). Relief predicated upon ineffective assistance of counsel is limited to those errors prejudicing a movant's right to a fair trial. *Id.* In addition, we direct Broseman's attention to Rule 29.11(d) which provides, "questions authorized by Rule 27.07 to be presented by motion for judgment of acquittal need not be included in a motion for new trial." Rule 27.07(a) allows the defendant, or the trial court on its own motion, to challenge the sufficiency of the evidence in a motion for judgment of acquittal. Indeed, we have reviewed the sufficiency of the evidence earlier in this opinion.

### O. Trial Strategy

Broseman's final contention is that trial counsel was ineffective for "failing to have any reasonable trial strategy or theory of movant-appellant's case at trial." However, Broseman fails to suggest what might have been a more reasonable theory of defense in view of the facts of the case. In any event, this argument also has not been preserved for review as it was not contained in Brose-

man's Rule 29.15 motion. *Gray*, 887 S.W.2d at 386.

The judgment of the trial court is affirmed. The judgment of the motion court is affirmed.

BRECKENRIDGE, P.J., and LAURA DENVIR STITH, J., concur.