Paul O. REDEEMER, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 55313.

Missouri Court of Appeals,
Western District.

Nov. 24, 1998.

Rosemary E. Percival, Asst. Appellate Defender, Kansas City, MO, Attorney for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, MO, Attorney for Respondent.

Before SPINDEN, P.J., ULRICH and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Paul O. Redeemer appeals from the circuit court's judgment denying his Rule 24.035 motion for postconviction relief without an evidentiary hearing. The appellant pled guilty in the Circuit Court of Jackson County, Missouri, before the Honorable Justine E. Del Muro, to one count of unlawful use of a weapon, § 571.030,[1] and two counts of trafficking in the second degree, § 195.223. He was sentenced to three years imprisonment for unlawful use of a weapon and ten years imprisonment for each count of trafficking, with all the sentences to run concurrently.

In his sole point on appeal, the appellant claims that the motion court erred in denying his Rule 24.035 motion because he received ineffective assistance of counsel, rendering his pleas of guilty involuntary, in that his trial counsel: (1) failed to adequately prepare for trial; (2) misled him into believing that if he pled guilty he would request that he be sentenced pursuant to § 217.362 as a chronic nonviolent offender with a cocaine addiction; and (3) failed to advise him that he would not receive credit for the time he was free on bond awaiting trial.

We affirm.

### Facts

The appellant does not dispute the sufficiency of the evidence to support his convictions.

On April 14, 1995, the appellant was stopped by two Kansas City, Missouri, police officers in Jackson County, Missouri, for several traffic violations. During an inventory search of his vehicle, the officers found approximately forty grams of crack cocaine and a loaded handgun. The appellant was arrested, taken to the police station, and placed in a detention room, where he was observed, via a surveillance video camera, pulling a bag of approximately ten grams of crack cocaine from his pants and throwing it on the floor.

The appellant was charged in the Circuit Court of Jackson County, Missouri, with one count of unlawful use of a weapon, § 571.030; two counts of trafficking in the second degree, § 195.223; and two counts of posses-

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

sion of a controlled substance, § 195.202. On March 11, 1996, his case was set for trial on April 8, 1996. At that time, he expressed dissatisfaction with his trial counsel's representation and with the State's plea offer, which was to reduce the "A" felony charges to "B" felony charges, with a recommendation of eight-year sentences. In addition, his trial counsel made an oral motion to withdraw, which was denied.

On April 4, 1996, the appellant's trial counsel filed a written motion for leave to withdraw as counsel and a motion for continuance. In his motion for leave to withdraw, counsel stated that the appellant had avoided all contact with him since March 11, 1996, and had not responded to telephone messages and letters. Counsel also stated that he had informed the appellant that he should retain new counsel immediately and that he was not preparing for trial based on the appellant's assurances that he would be obtaining new counsel. Counsel also stated that he had informed the appellant that the State's plea offer would be withdrawn if not accepted by 5 p.m. on April 3, 1996, but that he never contacted him with instructions regarding whether to accept or reject the plea offer, and that the State withdrew the plea offer on April 3, 1996.

On April 8, 1996, the appellant appeared with trial counsel and informed the court that he wished to enter pleas of guilty pursuant to a plea agreement reached with the State. In exchange for his guilty pleas to one count of unlawful use of a weapon, § 571.030, and two counts of trafficking in the second degree, § 195.223, the State agreed to dismiss the two possession counts, not to charge him as a prior and persistent offender, and to recommend that any sentences imposed run concurrently. Upon questioning by the court as to his pleas, the appellant testified that he understood that he was giving up certain constitutional rights by pleading guilty and that his pleas were voluntary. He also testified that he was satisfied with his counsel's representation but felt that he needed more time to talk with him so he could negotiate a better plea agreement with the State. The court accepted his guilty pleas as voluntary and deferred sentencing until a presentence investigation report by Probation and Parole was completed.

On July 24, 1996, at the sentencing hearing, the appellant's counsel requested that the court consider him for "120–day callback" probation pursuant to § 559.115.2, which the court refused to consider. During the sentencing hearing, the appellant advised the court that he was a cocaine addict. However, the court found that he was not a cocaine addict but was instead a cocaine dealer, and sentenced him to three years imprisonment for unlawful use of a weapon, § 571.030, and ten years imprisonment for each count of trafficking in the second degree, § 195.223, to run concurrently.

The appellant was delivered to the Missouri Department of Corrections on August 2, 1996, and timely filed his *pro se* Rule 24.035 motion for postconviction relief on October 30, 1996, which was later amended by appointed counsel. In his *pro se* and amended motions, the appellant alleged that he received ineffective assistance of counsel rendering his pleas involuntary in that his trial counsel: (1) failed to adequately prepare for trial; (2) misled him into believing that if he pled guilty he would request that he be sentenced as a chronic nonviolent offender with a cocaine addiction pursuant § 217.362; and (3) failed to advise him that he would not receive credit for the time he was free on bond before pleading guilty. On November 5, 1997, the appellant filed a *pro se* supplemental amended motion for postconviction relief, arguing that the two counts of trafficking in the second degree charged the same conduct and subjected him to double jeopardy in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution. On November 25, 1997, the motion court denied the appellant's Rule 24.035 motion without an evidentiary hearing and, having not given him leave to file a supplemental motion, declined to consider his *pro se* supplemental motion. This appeal follows.

### Standard of Review

Our review of the denial of a Rule 24.035 motion is limited to a determination of whether the motion court's findings of fact and conclusions of law were clearly errone-

ous. Rule 24.035(k); *Day v. State,* 770 S.W.2d 692, 695 (Mo. *banc* 1989), *cert. denied sub nom. Walker v. Missouri,* 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Findings and conclusions are clearly erroneous only if, after review of the entire record, we are left with a definite and firm impression that a mistake has been made. *State v. Fanning,* 939 S.W.2d 941, 948 (Mo.App.1997).

### I.

■ The appellant claims he received ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, the appellant must show that: (1) his attorney's performance was deficient in that he failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *State v. Harris,* 870 S.W.2d 798, 814 (Mo. *banc* 1994), *cert. denied,* 513 U.S. 953, 115 S.Ct. 371, 130 L.Ed.2d 323 (1994). "To satisfy the 'prejudice' requirement, a prisoner who has pled guilty must demonstrate there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Roland v. State,* 824 S.W.2d 526, 529 (Mo.App.1992). Thus, "once a plea of guilty has been entered, the effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea." *Id.* at 529. Absent an abuse of discretion, we will defer to the trial court's determination that the appellant's guilty plea was voluntary. *Wolf v. State,* 790 S.W.2d 261, 262 (Mo.App.1990). The movant bears the burden of proving his or her grounds for relief by a preponderance of the evidence. Rule 24.035(i); *Roland,* 824 S.W.2d at 529.

■ To be entitled to an evidentiary hearing on a postconviction motion for ineffective assistance of counsel, the movant must meet three requirements: (1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not conclusively refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant. Rule 24.035(h); *State v. Driver,* 912 S.W.2d 52, 55 (Mo. *banc* 1995).

### A. Counsel's Failure To Adequately Prepare For Trial

■ The appellant first claims that he received ineffective assistance of counsel in that his trial counsel failed to adequately prepare for trial. We disagree.

By entering guilty pleas to the charges against him, the appellant generally waived any future complaints that he might have had regarding his counsel's failure to investigate and prepare for trial. *Estes v. State,* 950 S.W.2d 539, 542 (Mo.App.1997). To succeed on his ineffective assistance of counsel claim based on inadequate preparation or investigation, the appellant was required to allege: (1) what information his attorney failed to discover; (2) that a reasonable investigation or preparation would have resulted in the discovery of such information; and (3) that the information would have aided or improved his position at trial. *Yoakum v. State,* 849 S.W.2d 685, 688 (Mo.App.1993) (*citing Fox v. State,* 819 S.W.2d 64, 66 (Mo. App.1991)).

The appellant alleged in his *pro se* motion that:

> [His counsel] made no effort to prepare a defense. He did not consult Movant as to any possible defenses.... At no time did [his counsel] sit down with Movant to discuss a defense to present to a jury. His only concern from the first day he was retained was to plead the case, and therefore, he sought no other avenues to help his client.... Movant was clearly prejudiced by counsel's lack of preparation in that when Movant's trial date came around counsel was totally unprepared to commence the proceedings. This left Movant in the unattainable position of either pleading guilty or going before a jury with no defense and an attorney who was unprepared for trial....

In his amended motion, he simply reiterated his claim that his counsel failed to consult with him regarding possible defenses and failed to adequately investigate his case. He never alleged what information his attorney

failed to discover, that a reasonable investigation or preparation would have resulted in the discovery of such information, or that the information would have aided or improved his position at trial such that he would have spurned the plea agreement and gone to trial instead. *Id.* at 688. Because the appellant failed to properly plead in what respect his counsel failed to adequately prepare for trial, he was not entitled to an evidentiary hearing on his claim that his pleas were involuntary due to inadequate preparation or investigation by his counsel.

■ Even if he had properly pled this claim of ineffective assistance of counsel, the record of the plea hearing conclusively refutes the appellant's allegation that his pleas were involuntary by reason of his trial counsel's failure to properly prepare for trial. In this respect, the motion court found that his guilty pleas were knowing and voluntary based on his answers to the following questions posed by the trial court at the guilty plea hearing:

Q. Is it your desire to enter this plea of guilty?

A. Yes, it is.

. . .

Q. Sir, are you pleading guilty to these charges because you are guilty?

A. Yes, I am.

Q. Has anyone forced you to plead guilty today?

A. No.

Q. Has anyone threatened you with anything to get you to plead guilty today?

A. No, ma'am.

Q. Is your plea of guilty, then, voluntary?

A. Yes, it is.

Q. All right. Have you had enough time to talk to your attorneys about this case?

A. No, I don't think I have. I mean—

Q. How much time would you need?

A. I guess about another six weeks or so. I don't know.

Q. Why is that?

A. I don't know. I think—I believe I can maybe work with my counsel and the prosecutor, you know, and come to a better agreement.

Q. Like what?

A. On sentencing.

Q. What you hope for and what the state offers are two different things. Your attorney or no attorney can change that. That was made clear to you the last time you were here in court. I don't know what you're hoping for, but I think that the offers that were made to you were offers that you could have considered. I don't know that any other lawyer could change anything with respect to those. My question to you, sir, is this. With respect to your pleading guilty today, if you do not plead guilty today you will go to trial today. Those are your choices. This case is an old case, and it has been on the docket repeatedly. It's now time to make a decision as to whether or not you want to go to trial today or to plead guilty today.

A. My intention was to plead guilty today in this courtroom, and that's what I want to do.

Q. . . . have you had enough time to talk to your attorneys about this case?

A. Yes.

Q. Are you satisfied with your counsel?

A. Yes.

Q. . . . So, have they done everything you've asked them to do?

A. Yes.

Q. Is there anything that you wanted them to do that they did not do for you?

A. No.

Q. You need to understand that today is the day to make any complaints that you have regarding your representation; so with that I'll ask, do you have any complaints about your attorneys?

A. The only complaint that I have is I don't think that I got, you know, the best deal, what you just said—

Q. The best possible deal from the state?

A. That's the only complaint that I have. Other than that, I think that he did everything in his power to get me everything here—I mean, to get this plea offer.

Q. Is there anything else that you want to tell the court?

A. No.

"Statements made by the defendant during sentencing refute ineffective assistance of counsel claims if the questions and responses are 'specific enough to refute conclusively the movant's allegations.'" *Johnson v. State,* 921 S.W.2d 48, 51 (Mo.App.1996) (*quoting Driver,* 912 S.W.2d at 56). The questions posed by the trial court and the appellant's responses thereto, in our view, were specific enough to conclusively refute his claim that his pleas were involuntary by reason of his trial counsel's failure to properly prepare for trial in that they reveal that he never intended to go to trial and only initially pled not guilty in order to allow his counsel time to negotiate a better plea agreement with the State. The exchange between the court and the appellant also reveals that his only source of dissatisfaction with his counsel's representation was with the plea agreement that was negotiated with the State. As such, we find that the motion court was not clearly erroneous in its finding that the record conclusively refuted the notion that the appellant would have spurned the plea agreement and gone to trial had his counsel somehow been more adequately prepared to go to trial.

In his argument, as to this claim of ineffective assistance of counsel, the appellant discusses at length his allegation that his counsel should have filed a motion to dismiss the two counts of trafficking in the second degree on the basis of double jeopardy. However, he failed to raise this issue in either his *pro se* or amended Rule 24.035 motions. This claim was first raised in his *pro se* supplemental motion for postconviction relief, which was a nullity, having been filed out of time and without leave of the motion court. And, because claims that are raised by a movant for the first time on appeal of a denial of a motion for postconviction relief are procedurally barred, *State v. Broseman,* 947 S.W.2d 520, 525 (Mo.App. 1997), the appellant's assertion that his trial counsel should have filed a motion to dismiss on double jeopardy grounds as a basis for a claim of ineffective assistance of counsel is not preserved for appellate review.

**B. Counsel's Failure to Request That the Appellant Be Sentenced as a Chronic Nonviolent Offender with a Cocaine Addiction Pursuant to § 217.362**

The appellant next claims that he received ineffective assistance of counsel in that his trial counsel misled him into believing that if he pled guilty he would request that he be sentenced pursuant to § 217.362 as a chronic nonviolent offender with a cocaine addiction. We disagree.

Section 217.362 provides, in pertinent part, as follows:

1. The department of corrections shall design and implement an intensive long-term program for the treatment of chronic nonviolent offenders with cocaine addictions who have not pleaded guilty to or have been convicted of a dangerous felony as defined in section 556.061, RSMo.

2. . . . Notwithstanding any other provision of law to the contrary, except as provided for in section 558.019, RSMo, if an offender is eligible and there is adequate space, the court *may* sentence a person to the program which shall consist of institutional drug treatment for a period of twenty-four months, as well as a term of incarceration. Execution of the offender's term of incarceration shall be suspended pending completion of said program.

(Emphasis added.) Thus, whether a criminal defendant will be found to be a chronic nonviolent offender with a cocaine addiction and sentenced pursuant to § 217.362 is within the sound discretion of the trial court.

The record here indicates that although the appellant advised the trial court that he was a cocaine addict, which would have qualified him for sentencing under § 217.362, the court, exercising its discretion, chose not to believe him. We glean this fact from the following statements by the trial court at sentencing:

I have to agree with the state that the quantity of drugs held in your possession, coupled with the fact that you were armed with a weapon, does not equate to a common drug user and actually does have all the markings of a drug dealer. That is a very big concern.

. . .

I do not see anything in this report that categorizes you as a drug user. There are no indications in this report that indicate that your usage of drugs requires treatment.

There are certainly no admissions in this report by you that you are a user and that you are in need of certain treatment modalities.

As such, it is apparent from the record that even if his trial counsel had requested that the trial court sentence him pursuant to § 217.362, as the appellant claims he promised to do, the trial court, in its discretion, would not have done so. As a consequence, it would have been a futile act for his trial counsel to have requested that he be sentenced pursuant to § 217.362. And, because we will not convict trial counsel of ineffective assistance of counsel for failing to do that which would have been a futile act, *State v. Stallings*, 812 S.W.2d 772, 779 (Mo.App. 1991), we cannot convict the appellant's trial counsel here of ineffective assistance of counsel for failing to make a futile request to the trial court to sentence him pursuant to § 217.362. In finding that it would have been a futile act for the appellant's trial counsel to have requested that the trial court sentence him pursuant to § 217.362, we cannot find that the motion court's finding that the record conclusively refuted the appellant's claim of ineffective assistance of counsel for counsel's failure to request that he be sentenced pursuant to § 217.362 as a chronic nonviolent offender with a cocaine addiction was clearly erroneous.

## C. Counsel's Failure to Advise the Appellant That He Would Not Receive Credit for the Time He Was Free on Bond

■ The appellant next contends that he received ineffective assistance of counsel in that his trial counsel failed to advise him that he would not receive credit for the time he was free on bond awaiting trial. We disagree.

■ "Guilty pleas must be made knowingly and voluntarily. Mistaken beliefs about sentencing may affect a defendant's ability to knowingly enter a guilty plea if: 1) the mistake is reasonable, and 2) the mistake is based upon a positive representation upon which movant is entitled to rely." *Johnson*, 921 S.W.2d at 50 (citations omitted). " 'An appellant's belief as to his or her anticipated sentence is necessarily subjective, but the test to be applied when determining voluntariness is whether there was a reasonable basis in the guilty plea record for the defendant to have such a belief.' " *Johnson*, 921 S.W.2d at 50–51 (quoting *Kerr v. State*, 768 S.W.2d 677, 679 (Mo.App.1989) (quoting *Marlatt v. State*, 672 S.W.2d 165, 167 (Mo. App.1984))). The expectation that a defendant will receive a lesser sentence or a disappointed hope of a lesser sentence does not make a plea involuntary. *McMahon v. State*, 569 S.W.2d 753, 758 (Mo. banc 1978).

■ "There is a basic duty imposed on a party's counsel to discuss with the defendant the possible consequences involved in the case, including the range of possible punishment. . . ." *Estes*, 950 S.W.2d at 543. However, counsel only has an obligation to inform his or her client of the direct consequences of a guilty plea and no duty to inform the client of the collateral consequences of pleading guilty. *White v. State*, 957 S.W.2d 805, 808 (Mo.App.1997). Accordingly, counsel's failure to advise his or her client regarding collateral consequences of a guilty plea cannot rise to the level of constitutionally ineffective assistance of counsel. *State ex rel. Nixon v. Clark*, 926 S.W.2d 22, 25 (Mo.App.1996); *State v. Abernathy*, 764 S.W.2d 514, 516 (Mo.App.1989) (citing *United States v. Campbell*, 778 F.2d 764, 768 (11th Cir.1985)). "A different rule applies if a client inquires concerning a collateral consequence" of pleading guilty. *Abernathy*, 764 S.W.2d at 516. When a defendant inquires of his trial counsel concerning a collateral consequence, counsel misinforms him or her regarding that consequence, and the defendant relies upon the misrepresentation in deciding to plead guilty, then counsel's actions may rise to the level of constitutionally ineffective assistance of counsel. *Id.* at 516.

This is not a case where the appellant is claiming that his trial counsel misled him as to the sentence he would receive upon pleading guilty, in that he did not allege that his

counsel told him that if he pled guilty, he would receive credit for the time he was free on bond awaiting trial. And, this is not a case falling under the exception to the rule that counsel has no duty to inform his or her client of the collateral consequences of pleading guilty, in that the appellant never alleged that he inquired of his counsel as to whether he would receive credit for the time he was free on bond or that his counsel ever advised him on this matter. Thus, unless knowledge that one will not receive credit for the time that he or she was free on bond awaiting trial could be considered a direct consequence of pleading guilty, the appellant was not entitled to the postconviction relief he seeks.

The appellant has failed to cite to any legal authority that requires trial counsel to inform a criminal defendant that he or she, by law, is not entitled to receive credit for the time that he or she was free on bond awaiting trial, and we can find none. Rule 24.02(b) outlines the "Advice to [the] Defendant" that must be given by the court prior to accepting a defendant's guilty plea. It provides:

(b) Advice to Defendant. Except as provided by Rule 31.03, before accepting a plea of guilty, the court must address the defendant personally in open court, and inform him of, and determine that he understands, the following:

1. The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and

2. If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceedings against him and, if necessary, one will be appointed to represent him; and

3. That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and

4. That if he pleads guilty there will not be a further trial of any kind, so that by pleading guilty he waives the right to a trial.

In *State v. Hasnan*, 806 S.W.2d 54 (Mo.App. 1991), this court held that the defendant's rights and possible results of pleading guilty as outlined in Rule 24.02(b) are direct results or consequences of which the defendant must be aware before a guilty plea is involuntary and that it was logical to conclude that this was an exclusive list of the direct consequences of pleading guilty. *Id.* at 56. This list does not include advice that the defendant would not receive credit for the time he or she was free on bond awaiting trial and would not be a direct consequence under this analysis.

*Hasnan* also recognized a school of thought that did not limit direct consequences of guilty pleas to those listed in Rule 24.02, recognizing other direct consequences. As to these "other" direct consequences, the court defined them as consequences which "'definitely, immediately, and largely automatically follow the entry of a plea of guilty.'" *Hasnan*, 806 S.W.2d at 56 (*quoting Huffman v. State*, 703 S.W.2d 566, 568 (Mo. App.1986)). Knowledge that a criminal defendant will not receive credit for the time that he or she was free on bond does not automatically follow the entry of a plea of guilty and is not a direct consequence of pleading guilty because it is a "non-consequence" of the plea in that there is not any legal authority that would give criminal defendants the right to receive such credit. To hold otherwise would require trial counsel, *sua sponte*, to advise criminal defendants as to every possible "non-consequence" of pleading guilty *ad infinitum*. As such, we agree with the motion court's finding that the record conclusively refuted the appellant's allegation that his trial counsel was ineffective for failing to advise him that he would not receive credit for the time he was free on bond awaiting trial.

Point denied.

### Conclusion

The judgment of the motion court denying the appellant's Rule 24.035 motion for post-

conviction relief without an evidentiary hearing is affirmed.

All concur.