Gregory MASON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 65329.

Missouri Court of Appeals,
Western District.

May 2, 2006.

Jeannie Marie Willibey, Kansas City, for Appellant.

Jeremiah (Jay) W. Nixon, Atty. Gen., Robert J. (Jeff) Bartholomew, Asst. Atty. Gen., Jefferson City, for Respondent.

Before JAMES M. SMART, JR., P.J., ROBERT G. ULRICH, and LISA WHITE HARDWICK, JJ.

PER CURIAM.

Gregory Mason appeals the denial of his Rule 29.15 motion in which he sought to vacate his convictions and/or sentences for two felony counts of second degree assault, one felony count of leaving the scene of a motor vehicle accident, and one misdemeanor of driving a motor vehicle while his license was revoked. Mason's motion charged his trial attorney with ineffective assistance for failing to request at sentencing that Mason should be sentenced to a term of years with placement in the long-term drug and alcohol drug treatment program, pursuant to section 217.362.[1] We affirm.

## Procedural and Factual Background

Gregory Mason was charged with two felony counts of second degree assault, section 565.060; one felony count of leaving the scene of a motor vehicle accident,

---

1. All statutory references are to the Revised Statutes of Missouri, 2000, unless otherwise indicated.

section 577.060; and one misdemeanor of driving a motor vehicle while his license was revoked, section 302.321. The charges resulted from a car accident with Kevin and Sarah Evans in which a van crossed the center line and collided head-on into their vehicle, which was stopped at the intersection. Mason, the only person in the van, got out of the driver's-side door and started walking off. He was followed by a witness to a nearby nursing home. An officer went to the nursing home and followed a trail of blood to a room where he found Mason with various scrapes and lacerations and blood on his shirt and pants. Mason said he was there visiting the nursing home, but it was not clear who he was supposedly visiting with blood on his clothes. The officer also noticed a strong odor of alcohol on Mason's breath and about his person. Mason was arrested as a suspect in a hit and run case. The officer requested that Mason take some field sobriety tests, but he refused. Due to his injuries, an ambulance was called and he was transported to the hospital.

After inspecting the accident scene, the officer went to the hospital. He informed Mason of his *Miranda* rights and Missouri's implied consent law. Mason refused a blood alcohol test and denied he had been operating the vehicle. The officer checked for information on Mason's license and discovered it had been revoked.

A jury trial was held in May 2003, and Mason was found guilty on all charges. On June 5, 2003, Mason was sentenced concurrently to twelve years on each assault count, seven years for leaving the scene of a motor vehicle accident, and assessed a $1,000 fine for driving a motor vehicle while his license was revoked. Mason appealed, and we affirmed the conviction and sentence pursuant to Rule 30.25(b) in *State v. Mason,* 142 S.W.3d 246 (Mo.App.2004).

Mason filed a 29.15 motion for post-conviction relief, claiming ineffective assistance of counsel. The motion court submitted findings of fact and conclusions of law denying the motion without an evidentiary hearing. This appeal follows.

## Standard of Review

In order to reverse a motion court's denial of a 29.15 motion for post-conviction relief, Mason must show that the court's findings of fact and conclusions of law were clearly erroneous. Rule 29.15(k); *Rousan v. State,* 48 S.W.3d 576, 581 (Mo. banc 2001). Findings and conclusions are clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Black v. State,* 151 S.W.3d 49, 54 (Mo. banc 2004). On review, the motion court's findings and conclusions are presumptively correct. *Wilson v. State,* 813 S.W.2d 833, 835 (Mo. banc 1991).

## Analysis

Mason's only point on appeal is that the motion court clearly erred in denying the motion without an evidentiary hearing, because his trial attorney failed to request at sentencing that Mason be sentenced to a term of years with placement in the long-term drug and alcohol drug treatment program, pursuant to section 217.362. Mason argues that had his attorney requested placement in the long-term alcohol treatment program, there was a reasonable probability the court would have granted the request.

To establish ineffective assistance of counsel, Mason must satisfy the *Strickland* two-prong test. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Deck v. State,* 68 S.W.3d 418, 425 (Mo. banc 2002). First, Mason must show that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney

under similar circumstances. *Strickland,* 466 U.S. at 687–88, 104 S.Ct. 2052. Second, he must show that counsel's performance prejudiced the defense. *Id.*

In order to prove prejudice, Mason "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052. If Mason fails to prove either prong of the *Strickland* test, we need not consider the remaining prong. *State v. Whitfield,* 939 S.W.2d 361, 369 (Mo. banc 1997).

In this case, Mason cannot succeed on his point because he has not established that he suffered any actual prejudice. In denying the 29.15 motion, the trial court took notice of his original proceeding and determined that an evidentiary hearing was unnecessary. The transcript from the sentencing hearing provides the factual basis for denying the 29.15 motion, because it shows that Mason was not prejudiced by his counsel's failure to request placement in the long-term drug and alcohol drug treatment program.

At the sentencing hearing, Mason continued, despite the jury's verdict, to deny that he was driving at the time of the collision. Mason further continued to deny that he was intoxicated at the time. Mason stated: "There was no indication that I was intoxicated, which I was not. There was no indication that I was driving that vehicle that day, which I was not." The court responded, "I don't believe your story. The jurors didn't believe your story. I don't think anybody believes it." The prosecutor stated that Mason had four prior DWI's, and also mentioned that Mason has had the opportunity to address any drug or alcohol problems he might have.

A similar issue was addressed by this court in *Redeemer v. State,* 979 S.W.2d 565 (Mo.App.1998). In that case, Redeemer, the defendant, had advised the trial court that he was a cocaine addict, which would have qualified him for sentencing under section 217.362. *Id.* at 568. The record showed, however, that the court did not believe Redeemer was a candidate for treatment. In addition to commenting that the trial court recognized that Redeemer had "all the markings" of a drug *dealer* rather than a consumer, the court also mentioned that there was no indication in the pre-sentence investigation that Redeemer acknowledged being a user or being in need of treatment. *Id.* at 571. Therefore, even if Redeemer's counsel had requested sentencing to the treatment program, the trial court would most probably not have granted the request. *Id.* at 572. "[W]e will not convict trial counsel of ineffective assistance of counsel for failing to do that which would have been a futile act." *Id.*

In this case, a request by Mason's counsel for sentencing to the treatment program would most probably have been denied. Mason denied alcohol involvement in the accident. He never acknowledged an alcohol addiction. He denied that he was the driver who caused the collision. Such treatment programs, of course, are not appropriate for those who remain in denial. *See Redeemer,* 979 S.W.2d at 572. Had Mason's counsel requested placement in the treatment program, there would have been no reasonable probability that the request would have been granted. Mason's point fails.

## Conclusion

The judgment of the motion court is affirmed.