Trevor L. JONES, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 27423.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 23, 2007.

Rosalynn Koch, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Stephanie Morrell, Assistant Attorney General, Jefferson City, for Respondent.

PHILLIP R. GARRISON, Judge.

Trevor L. Jones ("Movant") appeals the denial, following a hearing, of his Rule 24.035 [1] motion for post-conviction relief. Pursuant to a plea bargain, Movant agreed to plead guilty to all charges stemming from a chain of crimes committed on April 26, 2000, in Taney County, Missouri. On appeal, Movant contends his plea counsel was ineffective in failing to answer Movant's questions regarding life imprisonment, resulting in Movant's belief that he would be eligible for parole after serving thirty years of his life sentence. We affirm.

Movant was charged by information, in three separate cases, with committing the

---

1. All references to statutes are to RSMo (2000) and all references to rules are to Missouri *Rules of Criminal Procedure (2005)*, unless otherwise indicated.

following offenses: first degree murder, a violation of Section 565.020, first degree assault, a violation of Section 565.050, two counts of assault of a law enforcement officer, violations of Section 565.081, and three counts of armed criminal action, violations of Section 571.015. Each charge stemmed from a chain of crimes committed on April 26, 2000, in Taney County, Missouri.

In all three cases, Movant filed with the court a "Petition to Enter Plea of Guilty" and "Memorandum of Plea Agreement" (referred to collectively as the "Agreement"). The Agreement provided, in relevant part, that, "[i]n consideration of a plea of guilty to the charge of murder 1st degree, the State will withdraw its intent to seek the death penalty and [Movant] will receive a sentence of life without probation or parole in prison." The Agreement was signed by Movant and his plea counsel.

At the plea hearing, the trial court advised Movant as to the rights he was foregoing by pleading guilty, and Movant acknowledged that he understood those rights. The trial court read Movant each aspect of the Agreement, and Movant admitted that the terms were correct. Movant admitted that no promises had been made to him, other than those contained in the Agreement. The trial court then asked Movant the following: "Anyone promised you, for instance, well, it really says life without parole, but when you get down there, I'm sure we can get that converted and you'll be able to get out and paroled in a few years?" To which Movant responded, "No. No, sir." Movant stated that the range of punishment for each charge was correct, and that he understood the range of punishment. The trial court accepted Movant's plea of guilty on each charge, finding that they were made voluntarily and intelligently.

The trial court sentenced Movant consecutively to terms of life imprisonment without the possibility of probation or parole for first degree murder; life imprisonment for each count of assault; and one hundred years imprisonment for each count of armed criminal action. Movant acknowledged that he was satisfied with his counsel's representation, and the trial court found that there was no probable cause to believe that Movant had received ineffective assistance of counsel.

Movant filed a *pro se* Rule 24.035 motion for post-conviction relief, which was later amended by appointed counsel. In his amended motion, Movant alleged that his plea counsel failed to inform him that, should he enter a plea of guilty to the charge of murder in the first degree, he would never be eligible for release on parole.

After holding an evidentiary hearing, the motion court issued its findings of fact and conclusions of law denying Movant's motion for post-conviction relief. This appeal followed.

■ Appellate review of the denial of post-conviction relief is limited to a determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 24.035(k); *Pongrass v. State*, 132 S.W.3d 292, 293 (Mo.App. S.D.2004). Findings of fact and conclusions of law are clearly erroneous only if our review of the entire record leaves us with the definite and firm impression that a mistake has been made. *Waserman v. State*, 100 S.W.3d 854, 857 (Mo.App. S.D.2003). The movant bears the burden of proving his post-conviction claims, including a claim of ineffective assistance of counsel, by a preponderance of the evidence. Rule 24.035(i); *Tabor v. State*, 161 S.W.3d 862, 865 (Mo.App. S.D. 2005).

Movant's sole point on appeal reads as follows:

> The motion court clearly erred in overruling [Movant's] motion for post[-]conviction relief after hearing because [Movant] pled and proved that his guilty plea was the result of ineffective assistance of counsel, in that counsel failed to answer [Movant's] questions about life imprisonment, so that [Movant] did not understand the range of punishment and the sentence, and [Movant] was prejudiced in that he accepted a plea that he would have refused but for counsel's omissions.

■■■ To prevail on a claim of ineffective assistance of counsel, a movant must show that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances; and that he was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). "In the context of a guilty plea, a movant establishes prejudice due to ineffective assistance of counsel by demonstrating that a reasonable probability exists that, but for plea counsel's errors, the movant would not have entered a guilty plea and would have insisted on proceeding to trial." *Copas v. State,* 15 S.W.3d 49, 54 (Mo.App. W.D.2000). When a movant pleads guilty, claims of ineffective assistance of counsel are relevant only to the extent they affect the voluntariness with which a plea was made. *Pongrass,* 132 S.W.3d at 293.

■■■ To the extent that Movant is arguing that his counsel failed to inform him regarding his parole eligibility, his claim for ineffective assistance of counsel must fail. Information regarding parole eligibility is considered a collateral consequence of pleading guilty. *State v. Rowan,* 165 S.W.3d 552, 555 (Mo.App. E.D.2005). Neither the trial court nor trial counsel were obligated to inform Movant about a collateral consequence of his guilty plea. *Id.*

■■■ However, we must still assess whether Movant's guilty plea was knowingly and voluntarily given. *Redeemer v. State,* 979 S.W.2d 565, 572 (Mo.App. W.D. 1998). A mistaken belief regarding sentencing may affect a movant's ability to knowingly enter a plea of guilty if: (1) the mistake is reasonable, and (2) the mistake is based upon a positive representation upon which the movant is entitled to rely. *Id.* A movant's belief as to his anticipated sentence is subjective, but in determining voluntariness, the test is whether there was a reasonable basis in the guilty plea record for the movant to have such a belief. *Id.* "The expectation that a [movant] will receive a lesser sentence or a disappointed hope of a lesser sentence does not make a plea involuntary." *Id.*

At the evidentiary hearing, Movant explained that he was represented by Paul Yarns ("Yarns") and Don Catlett ("Catlett") during plea negotiations. Movant testified that, prior to pleading guilty, he asked Yarns and Catlett what "life without parole" meant, and both attorneys told him that they were not sure. Movant testified as follows with respect to what he believed "life without parole" meant at the time of his guilty plea:

> Like I said, I was hoping it meant that just life—just life. You know, not life—not life in itself, because I know a life sentence you can get paroled on it probably—depending on if . . . you have 85 percent of your time. Sometimes you can get paroled earlier. I thought life without meant, you know, it's not life without parole. Life—I know life is 30 years. I figure life without parole means you do 30 years and without—you know, you just do 30 years first.

Movant testified that if he knew that "life without parole" meant that he would never be paroled, he would not have pleaded guilty.

Contradicting Movant's testimony, Yarns stated that he informed Movant of what "life without parole" meant, and he denied ever telling Movant that he was not sure what that term meant. Yarns explained that he never told Movant anything that would lead him to believe he would be eligible for parole after thirty years. Yarns testified that he discussed the Agreement with Movant on at least two occasions.

Consistent with Yarns' testimony, Catlett explained that he discussed with Movant that by pleading guilty he would receive life in prison without the possibility of parole or probation. Catlett also stated that he never told Movant that "life without parole" meant thirty years.

"Credibility of the witness is a determination to be made by the motion court." *White v. State*, 122 S.W.3d 118, 119 (Mo. App. S.D.2003). In its findings of fact and conclusions of law, the motion court made the following credibility determinations:

> [T]he Court finds as credible the testimony of [M]ovant's counsel that the paperwork regarding the plea of guilty and plea agreement were explained to [M]ovant at least twice before the day of the plea, as well as at the time of filling out the paperwork[.] . . . Further, the Court does not find credible [M]ovant's testimony that his counsel never informed him that the sentence for the first degree murder charge carried a mandatory sentence of life without the possibility of probation or parole, and further the Court does not find credible the [M]ovant's testimony that [M]ovant was advised that the so-called life sentence was calculated as 30 years and that [M]ovant would therefore be eligi-

ble for consideration for release on parole. To the contrary, the Court finds credible the testimony of [M]ovant's trial attorneys, . . . to the effect that [M]ovant was never told that life without parole meant the [M]ovant would be eligible for probation or parole, and further that [M]ovant's counsel did not tell [M]ovant that said counsel did not know what the phrase "life without parole" meant, but rather, the Court finds that said counsel of [M]ovant did in fact tell [M]ovant, and [M]ovant did understand, that "life without parole" meant [M]ovant would be incarcerated in the Missouri Department of Corrections for [M]ovant's life without the possibility of probation or parole. Trial/plea counsel did fully advise [M]ovant of the ramifications of a plea of guilty to the murder in the first degree charge, and such counsel did not mis-advise [M]ovant, nor did such counsel put undue pressure on [M]ovant to plead guilty.

■ In light of the conflicting testimony, the motion court made a credibility determination in favor of the testimony given by Movant's counsel. "This Court must defer to the motion court's determination on matters of credibility." *White*, 122 S.W.3d at 119. Accordingly, Movant has failed to show that his alleged mistake regarding sentencing was based upon a positive representation upon which he was entitled to rely. *Redeemer*, 979 S.W.2d at 572. We also find that there is no reasonable basis in the record for Movant to believe that he would be eligible for parole after thirty years. *Id.* At the plea hearing, Movant told the court that he understood the Agreement and it was correct. Movant also stated that no one had promised him he would be eligible for parole after a certain period of time. Movant further admitted that he understood that the

range of punishment was life without probation or parole.

At best, Movant's testimony at the evidentiary hearing establishes that he possessed a hope that he would be eligible for parole in thirty years. However, as previously related, "[t]he expectation that a [movant] will receive a lesser sentence or a disappointed hope of a lesser sentence does not make a plea involuntary." *Id.*

A review of the record does not leave us with the definite and firm impression that a mistake has been made. The motion court did not err in denying Movant's Rule 24.035 motion. Movant's point is, therefore, denied.

The judgment of the motion court is affirmed.

BATES, C.J., and BARNEY, J., concur.